# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

***People v. Dominguez*, 2012 IL 111336**

---

Caption in Supreme Court:
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. SILVESTRE DOMINGUEZ, Appellant.

Docket No.
111336

Filed
April 19, 2012

Rehearing denied
September 24, 2012

Held

(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*)

Dismissal of a Spanish-speaker's appeal for failure to file proper post-guilty-plea motions was affirmed where Rule 605(c) advice on preserving his right to appeal was given orally, although not verbatim, and defendant signed an English version of the rule, which he said he understood, even though the record failed to reflect that defendant's interpreter read the form to him or that the court reporter translated it—substantial rule compliance.

Decision Under Review
Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Thomas M. Tucker, Judge, presiding.

Judgment
Affirmed.

| | |
|---|---|
| Counsel on Appeal | Michael J. Pelletier, State Appellate Defender, Alan D. Goldberg, Deputy Defender, and Michael H. Orenstein, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant. |
| | Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins and Yvette Loizon, Assistant State's Attorneys, of counsel), for the People. |
| Justices | JUSTICE GARMAN delivered the judgment of the court, with opinion.<br>Justices Thomas, Karmeier, and Theis concurred in the judgment and opinion.<br>Justice Burke dissented, with opinion, joined by Chief Justice Kilbride and Justice Freeman. |

**OPINION**

¶ 1    Defendant, Silvestre Dominguez,[1] pleaded guilty to one count of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)) and was sentenced to 16 years in prison. Defendant appealed, arguing that the cause should be remanded due to the circuit court's failure to provide adequate postplea admonishments as required under Supreme Court Rule 605 (Ill. S. Ct. R. 605 (eff. Oct. 1, 2001)). The appellate court affirmed. No. 1-09-0125 (unpublished order under Supreme Court Rule 23). For the following reasons, we affirm the judgment of the appellate court.

¶ 2                          BACKGROUND

¶ 3    In June 2007 defendant was indicted on 26 counts, mostly relating to the sexual abuse of a single minor victim. By September 2007 defendant had been appointed a public defender. A Spanish language interpreter was also present in the courtroom for defendant's appearances. On September 10, 2008, defendant indicated to his attorney that he wished to waive his right to a jury trial. A bench trial was set for October 9, 2008. Defendant appeared in court on October 9, 2008, with his attorney and the Spanish language interpreter. The circuit court discussed the charges against defendant and the possible penalties. Defendant indicated that he understood. The court then stated to defendant:

---

[1]Defendant's name was spelled "Dominquez" by the appellate court, and in the various circuit court filings and transcripts the spellings "Dominquez" and "Dominguez" are used interchangeably. In this court, the filings have used the "Dominguez" spelling. In addition, in defendant's notice of appeal, he spells it "Dominguez." Therefore, this court will spell defendant's last name "Dominguez."

"THE COURT: However, your lawyer has told me that you are willing at this point to have a conference with the Court which means we would review your case and come up with a sentence for you. So I am going to admonish you as to that.

Your lawyer and the State are seeking a conference regarding your case. At the conference, I will hear the facts and circumstances surrounding your arrest. I will hear about any traffic or criminal background you may have. Normally, I wouldn't hear this unless there was a trial or a plea. We may reach an agreement that's acceptable to you and your attorney. We may not. In the event we do not, you would not have a right to have another judge preside at your trial, be it bench or jury trial, for the reason I participated in the conference.

Do you understand, and do you want me to participate in the conference?

DEFENDANT: Yes."

¶ 4 The attorneys and circuit court then held the conference in the court's chambers. After the conference, the court again addressed defendant concerning the charges against him and the possible penalties he faced. Defendant said he understood and wanted to plead guilty. The court then, in detail, discussed with defendant what he would be giving up by pleading guilty, such as the right to trial and the right to confront witnesses against him. The court noted there was a signed waiver from defendant indicating that he understood he was giving up those rights. The court asked, "You signed that after making yourself aware of that right and you wish to give it up?" Defendant indicated "yes" and that it was his signature on the waiver of rights. Defendant indicated he understood the rights he was giving up and still wished to plead guilty, which he did. The State then presented the factual basis for defendant's plea.

¶ 5 After hearing the factual basis, the court asked defendant if those facts were what he was pleading guilty to and defendant stated "yes." Defendant also waived his right to a presentence investigation. Defendant was sentenced to 16 years in prison. The victim then addressed the court, asking for more than 16 years. The court then stated to defendant:

"THE COURT: Sir, even though you have pled guilty and been found guilty, you have certain rights. Those rights include your right to return to the courtroom within 30 days to file motions to vacate your plea of guilty and/or reconsider your sentence. The motions must be in writing and contain all the reasons to support them. Any reasons not contained therein will not be preserved for purposes of appeal. Should your motion to vacate your plea of guilty be granted, your plea of guilty and the judgment I have entered thereon will be vacated, meaning erased. Your case will be set back down on the trial calendar for further proceedings. Should your motion to reconsider sentence be granted, you will be resentenced. In the event the motions are denied, you have 30 days from denial to return to file a notice of appeal the Court's ruling. If you wish to do so and could not afford an attorney, we will give you an attorney free of charge, along with the transcripts necessary for those purposes.

I have a signed acknowledgment of those rights. Is that your signature (indicating)?

DEFENDANT: Yes.

THE COURT: And you signed that after making yourself aware of those rights,

is that correct?

> DEFENDANT: Yes.

> THE COURT: Good luck to you."

¶ 6 Defendant filed a form entitled "Acknowledgment By Defendant of Advice Given to Him By the Trial Judge Pursuant to Illinois Supreme Court Rule 605 (B)" with the circuit court on October 9, 2008. The space labeled "Date" on the form was left blank, but defendant's signature was on the form. The form recited Rule 605(c)[2] almost verbatim.

¶ 7 The State dismissed all other charges and defendant did not file a postplea motion. On January 20, 2009, defendant filed a *pro se* "Notice of Appeal" with the appellate court. The notice was dated December 4, 2008. In the notice, defendant stated:

> "1. Defendant Silvestre Dominguez was told by court appointed counsel to sign a paper at plea bargain court date. 2. Defendant Silvestre Dominguez court appoinde [*sic*] counsel Ms. Diana Garcia told Defendant that signing that document would give Defendant the right for an Appeal. 3. Defendant Silvestre Dominguez is not well spoken or have any understanding whatsoever in reading, comprehending legal materials. WHEREFORE, the Defendant, Silvestre Dominguez, request that this court enter a Notice of Appeal in this case."

¶ 8 The appellate court dismissed defendant's appeal, finding he had failed to file the proper postplea motions to perfect his right to appeal and challenge his guilty plea. The appellate court found the substance of the rule was conveyed to defendant and that defendant indicated, both orally and in writing, that he understood the rule. The court rejected defendant's remaining arguments, finding that defendant (1) was made aware by the court of the general right to counsel in reference to postplea motions; (2) did not file any postplea motions; and (3) understood the proceedings, as he had been provided with a Spanish interpreter and informed the court he understood what was happening and had even signed documents to this effect.

¶ 9                                                          ANALYSIS

¶ 10 Defendant argues that the circuit court failed to strictly comply with Supreme Court Rule 605(c).[3] Alternatively, if strict compliance is not required, defendant asks this court to

---

[2] The fourth paragraph of Rule 605(c) states "that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial." Ill. S. Ct. R. 605(c)(4). On the printed form signed by defendant, "any" was mistakenly spelled "and."

[3] From the record, it appears that this was a negotiated plea (it is not quite certain if this was open or negotiated, but the evidence from the record seems to weigh on the side of negotiated). However, both parties concede that it does not make a difference which admonishments apply, since both subsections contain the particular admonishments at issue in this case. Based on the circumstantial evidence cited by the State, and for simplicity's sake, this opinion will conduct its analysis under Rule 605(c).

remand because the circuit court failed to provide advice essential to a knowing and intelligent waiver of counsel and the right to appeal. Finally, in the third alternative, defendant argues the circuit court's admonishments affirmatively misled defendant.

¶ 11 We conclude that, based on the plain meaning of Rule 605(c), the rule must be strictly complied with in that the admonitions must be given to a defendant who has pled guilty. Failure to do so requires remand for proper admonishment. However, the plain meaning of the rule requires only that a defendant be "substantially" advised of the actual content of Rule 605(c). A verbatim reading of the rule is not required. We find this interpretation to be consistent with our case law on this issue.

¶ 12 Supreme Court Rule 604(d) requires a defendant who is appealing from a plea of guilty to file a motion challenging the sentence or plea in the circuit court within 30 days of the day sentence is imposed. The rule states, in relevant part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. *** Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. July 1, 2006).

¶ 13 Rule 605(b) and Rule 605(c), which complement Rule 604(d) and serve as a corollary to the requirements of Rule 604(d), provide the admonitions the trial judge must give a defendant when imposing sentence on a defendant who has pled guilty. *People v. Jamison*, 181 Ill. 2d 24, 27 (1998). Rule 605(c) states:

"In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings

-5-

at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived.

For the purposes of this rule, a negotiated plea is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

"Because this issue concerns the proper interpretation of a supreme court rule, our review is *de novo*." *People v. Henderson*, 217 Ill. 2d 449, 458 (2005).

¶ 14                      A. Rule 605(c) Compliance: Substantial v. Strict

¶ 15     The actual language of Rule 605(c) says that the trial court "*shall* advise the defendant *substantially* as follows." (Emphases added.) Ill. S. Ct. R. 605(c). Defendant first argues that Rule 605's guilty plea admonitions demand strict compliance. There is no question that a circuit court must give the Rule 605(c) admonitions. This court has held that, through the use of the word "shall," the Rule 605(c) admonitions are mandatory and failure to give such admonitions will result in remand to the trial court for proceedings in accordance with Rule 605(c). *Jamison*, 181 Ill. 2d at 27-28. However, whether the admonitions need be given at all is not the issue before the court in the instant case. Rather, the court must determine whether the rule must be "strictly" or "substantially" complied with, *i.e.*, must a trial court read the rule verbatim to a defendant or is such a reading not necessary so long as the trial court "substantially" complies with the rule's requirements?

¶ 16     The rule itself requires the defendant be *substantially* advised of certain rights. To determine what is meant by "substantially," we must turn to the rules of statutory interpretation. The rules of statutory interpretation are applied with equal force to supreme court rules. *People v. Roberts*, 214 Ill. 2d 106, 116 (2005); *In re Estate of Rennick*, 181 Ill. 2d 395, 404 (1998). The primary objective is to ascertain and give effect to the rule's drafters' intent, the surest and most reliable indicator of which is the language of the rule itself, given its plain and ordinary meaning. *People v. Perry*, 224 Ill. 2d 312, 323 (2007). In determining the plain meaning of the rule's terms, we consider the rule in its entirety, keeping in mind the subject it addresses and the apparent intent of the drafters in enacting it. *Perry*, 224 Ill. 2d at 323. Where the language of the rule is clear and unambiguous, we must apply it as written, without resort to extrinsic aids to statutory construction. *Perry*, 224 Ill. 2d at 323. We interpret the rule so that no part of it is rendered meaningless or superfluous and we do not depart from the plain language of the rule by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. *Holly v. Montes*, 231 Ill. 2d 153, 159 (2008); *People v. Jones*, 214 Ill. 2d 187, 193 (2005).

¶ 17     Here, we find the plain language of the rule to be clear and unambiguous. The use of the

word "shall" means that it is mandatory that defendants be admonished under Rule 605(c), and this interpretation has been consistently applied by this court. See *People v. Breedlove*, 213 Ill. 2d 509, 521 (2004); *Jamison*, 181 Ill. 2d at 27-28; *People v. Foster*, 171 Ill. 2d 469, 474 (1996). In interpreting the meaning of "substantially advise," the language of the rule is similarly clear. The rule does not say that the court must "completely" inform a defendant "as follows" of the requirements, nor does it say that the court must "strictly read verbatim" from the rule. Rather, it uses the term "substantially advise."

¶ 18    In determining the plain, ordinary, and popularly understood meaning of a term, it is entirely appropriate to look to the dictionary for a definition. *Perry*, 224 Ill. 2d at 330. "Substantially" is the adverb form of "substantial." According to Merriam-Webster's Collegiate Dictionary, "substantial" means: "5 : being largely but not wholly that which is specified." Merriam-Webster's Collegiate Dictionary 1174 (10th ed. 1998). Although "substantial" is not defined in Black's Law Dictionary, the related term "substance" is: "1. The essence of something; the essential quality of something, as opposed to its mere form <matter of substance>." Black's Law Dictionary 1565 (9th ed. 2009).

¶ 19    Thus, under its plain and ordinary meaning, "substantially" in the rule does not require a strict verbatim reading of the rule so as to "substantially advise" defendants of its contents. Rather, the court must impart to a defendant largely that which is specified in the rule, or the rule's "essence," as opposed to "wholly" what is specified in the rule.

¶ 20    This is consistent with our court's most recent application of whether admonitions were sufficient under Rule 605(c). In *In re J.T.* we found that a circuit court's Rule 605(c) admonishments to a juvenile defendant satisfied the rule where the admonishments, while not perfect, largely specified the essence of the rule. *In re J.T.*, 221 Ill. 2d 338, 347-48 (2006) ("While these admonitions did not strictly comply with Rule 605(c), they were sufficient to put J.T. on notice that he could challenge his guilty plea, and that some action on his part within 30 days was necessary if he wished to appeal.").

¶ 21    In his brief, defendant urges that "*Foster*, *Jamison*, *Breedlove*, and *Henderson* all demand strict Rule 605(b) and (c) compliance." That is true, in that the admonitions *must* be given. However, in *Foster* no 605(b) admonitions were given whatsoever and in *Jamison* all the defendant was told was that any posttrial motions must be filed within 30 days. Clearly, under those circumstances, because the consequences to a defendant's appeal rights were so grave, strict compliance demanded that the case be remanded. *Breedlove* and *Henderson* are distinguishable in that those cases concerned admonitions under Rule 605(a). There, the court distinguished Rule 605(a) from Rule 605(b). *Henderson*, 217 Ill. 2d at 462 (noting how Rule 605(b) defendants who fail to file the proper postplea motion lose their appeal rights completely, whereas Rule 605(a) defendants who fail to file a motion to reconsider sentence lose the right to appeal that issue, but retain the right to appeal trial errors); *Breedlove*, 213 Ill. 2d at 520.[4]

---

[4]Also, in contrast to Rule 605(b) or (c) situations, failure to give the proper admonishments under Rule 605(a) will only result in remand "where there has been prejudice or a denial of real justice as a result of the inadequate admonishment." *Henderson*, 217 Ill. 2d at 466.

¶ 22 However, in a Rule 605(b) or (c) setting, where a trial court *has* substantially complied with the rule so as to impart to the defendant the *substance* of the rule, automatic remand is not necessary. The rule need not be "strictly" administered, *i.e.*, it need not be read nearly verbatim. See *J.T.*, 221 Ill. 2d at 366 (Freeman, J., dissenting) ("As the appellate court noted, '[t]rial courts are held to strict compliance with Rule 605(c) requirements. [Citation.] Although the trial court is not required to use the exact language of the rule, the admonitions are insufficient where the trial court leaves out the substance of the rule.' " (quoting *In re J.T.*, 347 Ill. App. 3d 533, 536 (2004))). Rather, we conclude that the court must "substantially" advise a defendant under Rule 605(c) in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence. So long as the court's admonitions were sufficient to impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule. The question that remains before this court, then, is whether, in this instance, the circuit court's admonitions imparted such notice to defendant.

¶ 23 ### B. Whether the Circuit Court Substantially Advised Defendant Under Rule 605(c)

¶ 24 We must next determine whether the circuit court's admonishments substantially advised defendant of the contents of Rule 605(c). In addition to the oral admonishments, the circuit court accepted a signed form from defendant containing nearly word-for-word Rule 605(c) admonishments. The court discussed the form immediately after orally admonishing defendant under Rule 605(c). Defendant acknowledged that the signature on the form was his and that he had signed the form after making himself aware of the rights contained therein. Defendant, however, challenges the value of the written admonishments in analyzing whether a circuit court properly complied with Rule 605(c). He also argues that the form is written in English and defendant speaks Spanish and the record fails to reflect that the court reporter had translated the form. Therefore, before determining whether the circuit court substantially advised defendant of Rule 605(c), this court must decide what value, if any, to attach to written admonishments in a Rule 605(c) analysis.

¶ 25 ### 1. *The Value of the Written Admonishments*

¶ 26 Based on this court's research, and the absence of any case cited by the parties, written admonishments have not been part of a Rule 605(c) analysis before this case. Therefore, the specific value of those written admonishments in a Rule 605 setting is an issue of first impression. However, written admonishments have been used and acknowledged in conjunction with oral admonishments by courts in other forms, such as a written waiver of a jury trial or the required admonishments before a court accepts a plea of guilty pursuant to Supreme Court Rule 402. See *People v. Scott*, 186 Ill. 2d 283, 284-85 (1999) (a statutorily required written jury waiver, standing alone, does not waive a defendant's right to a jury trial, but rather a defendant must be present in open court when a jury waiver, written or otherwise, was at least discussed); *People v. Diaz*, 15 Ill. App. 3d 280, 284 (1973) (in case finding substantial compliance with Supreme Court Rule 402, court held, "Although we have

held that a written waiver form may not substitute for the required admonishments [citation], when the substance of the form and defendant's open-court responses to it have been thoroughly aired on the record as here, this court is further assured that the defendant was informed of and understood the nature of the charge.").

¶ 27        Under Rule 605(c), "the trial court shall advise the defendant," which means there must be some colloquy in open court between the court and a defendant. Written admonishments may not completely be substituted for the absence of oral admonishments. However, where written admonishments are acknowledged by the court in open court, and the court ascertains that the defendant is aware of the content of the admonishments and understands them, they may be considered. They can serve to supplement or complement the oral admonishments required under the rule. The written admonishments by themselves are not adequate. However, in a situation where, as here, there is argument over the completeness, or whether the oral admonishments imparted the substance of Rule 605(c) to a defendant, written admonishments, provided the court has discussed them in open court with defendant, may inform the court's analysis of whether a defendant has been substantially advised under Rule 605.

¶ 28        Defendant, to support his argument that the written admonishments are no substitute when the judge is required by rule to give oral admonishments in open court, cites to several cases concerning a defendant's right to a jury trial. See *People v. Phillips*, 242 Ill. 2d 189 (2011) (where statute required that judge warn accused to appear for court, warning on signed bond slip was no substitute); *Scott*, 186 Ill. 2d at 284-85 (a written waiver form alone does not validly waive a defendant's right to a jury trial); *People v. Cummings*, 7 Ill. App. 3d 306, 308 (1972) (preprinted Rule 402 admonishments did not substitute for in-court admonishments).

¶ 29        The cases cited by defendant are distinguishable from the instant case. First, none of the cases concern Rule 605(c). Further, and most important, no oral admonishments were given whatsoever in *Phillips* and *Scott*, thus the written forms were offered as pure substitution. *Phillips*, 242 Ill. 2d at 192; *Scott*, 186 Ill. 2d at 284-85. In *Cummings*, the oral admonishments were so lacking that the written form was offered as a near-complete substitution. *Cummings*, 7 Ill. App. 3d at 308.

¶ 30        Here, the written admonishment form did not act as substitute, but rather as a supplement to complement the oral admonishments given by the circuit court in open court. The *Phillips* case, cited by defendant, actually provides support for the position that written admonishments, while not acceptable as a total substitute for required oral admonishments, can be of value where incomplete oral admonishments may have been given.

¶ 31        In *Phillips*, the defendant was charged with attempted first degree murder, among other offenses, and arraigned before subsequently posting bail. On the back of the bail bond slip executed on the day of the defendant's release on bond, a notice appeared fully informing the defendant that his future failure to appear could result in a trial in his absence and that he could be found guilty and sentenced in his absence. On the front side of the slip, language stated that he understood and accepted the terms and conditions on the slip and understood the consequences if he failed to appear for trial. The defendant signed the slip. Even though

the defendant was present in court for his arraignment, nothing appeared in the record indicating that the trial court orally advised the defendant concerning the possibility of trial *in absentia* if the defendant failed to appear, which was required by statute. The defendant failed to appear for the last part of his trial and was convicted and sentenced *in absentia*.

¶ 32    This court affirmed the appellate court judgment reversing the conviction and sentence due to the trial court's failure to properly advise the defendant under the statute. The statute in question states that a trial court " 'shall advise [the defendant] at that time or at any later court date on which he is present that if he *** is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence.' " *Phillips*, 242 Ill. 2d at 196 (quoting 725 ILCS 5/113-4(e) (West 2000)). The court found "that section 113-4(e) unambiguously require[d] the trial court to admonish a defendant in open court and reject[ed] the State's claim that defendant waived his right to be admonished by a trial judge based upon the signed bond slip in this case." *Phillips*, 242 Ill. 2d at 199. The court concluded "that a warning provided outside the presence of the court through language contained on a bond slip does not constitute a blanket waiver precluding the need for *any* section 113-4(e) admonishment by the trial judge." (Emphasis in original.) *Phillips*, 242 Ill. 2d at 199.

¶ 33    The court further noted:

> "[T]he legislature intended for the trial court to orally admonish a defendant as to the possibility of trial *in absentia* when he is present in open court at arraignment, or at any later date. We also believe that oral admonishment is most effective to meet the legislative purpose of section 113-4(e) as it provides the trial court with an opportunity to both notify a defendant of his right and obligation to be present at trial, and to verify that he understands this important right and duty." *Phillips*, 242 Ill. 2d at 200.

¶ 34    The court also addressed *People v. Condon*, 272 Ill. App. 3d 437 (1995), where the appellate court held that section 113-4(e) did not specifically require oral admonishment and that an admonition, written or oral, which advised a defendant of all the information required by section 113-4(e) was sufficient to legitimize a trial *in absentia*. This court held that "[t]o the extent that the *Condon* court held that written admonishment by the trial court *alone* would satisfy the requirements of section 113-4(e), it is inconsistent with this opinion and, therefore, overruled." (Emphasis added.) *Phillips*, 242 Ill. 2d at 201. This court further noted that, in *Condon*, in contrast to *Phillips*, the trial court did later orally admonish the defendant about the possibility of trial *in absentia*, thus the defendant was provided with both oral and written admonishments. *Phillips*, 242 Ill. 2d at 201.

¶ 35    Unlike in *Phillips*, the written admonishments were provided here in conjunction with oral admonishments. Specifically referring to the written form, the circuit court noted he "had a signed acknowledgment of those rights" and asked defendant if that was his signature. Defendant told him it was. The court then asked defendant, "And you signed it after making yourself aware of those rights, is that correct?" Defendant answered "yes." The record thus indicates that defendant signed and understood the written form, which reprinted nearly

-10-

verbatim Rule 605(c). Unlike a bail slip signed by a defendant on the day he is released from jail on bond, the written admonishments signed by defendant here were discussed with defendant by the circuit court in open court immediately after the oral admonishments, providing the judge with an opportunity to ascertain that defendant signed the form and to verify that defendant understood and was aware of the important rights contained in the admonishment form. See *Phillips*, 242 Ill. 2d at 200.

¶ 36　　As to the language barrier, while it is true that the written form was in English, the record reflects that defendant had a Spanish interpreter present with him, along with counsel, in the courtroom on the day he pled guilty. Given the colloquy between the circuit court and defendant noted in the above paragraph, we will not assume that defendant did not understand the form simply because there is nothing on record explicitly documenting the interpreter reading the form to defendant. There is nothing in the record that indicates that defendant or his counsel raised any questions regarding defendant's understanding of the admonishments, written or oral. Rather, the record reveals defendant understood the form and, once he was aware of the rights discussed therein, signed it. We conclude that, due to the nature and circumstances of the written admonishments in this case, they are of value in determining whether the circuit court substantially advised defendant under Rule 605(c), and we will consider them in our analysis.

¶ 37　　　　　　　2. *The Circuit Court's Substantial Compliance With Rule 605(c)*

¶ 38　　In support of his argument that the circuit court's admonitions did not substantially comply with the rule, defendant points to three problematic admonitions: (1) under Rule 605(c)(2), the circuit court told defendant he must "return to the courtroom within 30 days" to file any postplea motion, instead of being able to file by mail; (2) the circuit court failed to properly convey Rule 605(c)(5), when he suggested to defendant that only *after* postplea proceedings could defendant get free transcripts and appointed counsel, when Rule 605(c)(5) provides that counsel will be appointed to help with the *preparation* of the motions; and (3) the circuit court completely failed to explain under Rule 605(c)(4) that, should defendant's plea be vacated, the dismissed charges could be reinstated.

¶ 39　　　　　　　　　a. Rule 605(c)(2) Admonishment

¶ 40　　Rule 605(c)(2) provides that a defendant must be told:

> "that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion[.]"

¶ 41　　Here, the circuit court admonished defendant:

> "Sir, even though you have pled guilty and been found guilty, you have certain rights. Those rights include your right to return to the courtroom within 30 days to file motions to vacate your plea of guilty and/or reconsider your sentence. The motions must be in writing and contain all the reasons to support them."

¶ 42    Defendant argues that he was misinformed because the court's admonition made it sound like he had to physically return to the courtroom to file his motion and, since he was in custody, it would be impossible for him to do so, and he could no more return to the courtroom than he could "climb a mountain." Also, defendant argues that he was "affirmatively misled" and thus the court violated due process. *Breedlove*, 213 Ill. 2d at 514-15. The State counters that this argument is belied by the facts, as defendant was well familiar with the legal system and filed his notice of appeal through the mail, showing he knew he did not have to physically appear in court.

¶ 43    The oral admonishment given to defendant under Rule 605(c)(2) is imperfect, and it is unfortunate that the circuit court used the phrase "return to the courtroom." However, when combined with the written form signed by defendant acknowledging he understood the Rule 605 admonishments, which did track the actual language of the rule, we cannot say defendant was not substantially advised of what was required to perfect a right to appeal under that subsection. Defendant was given notice that he must file a motion within 30 days if he wished to withdraw his guilty plea. Simply because the circuit court used the phrase "return to the courtroom" does not indicate defendant was not substantially put on notice of what he must do within 30 days to withdraw his guilty plea. See *J.T.*, 221 Ill. 2d at 347-48 (where the court informed the respondent that, in order to perfect his right to appeal the guilty plea, the respondent first had to "file a petition before me," this court found this was sufficient to put J.T. on notice that he could challenge his guilty plea, and that some action on his part within 30 days was necessary if he wished to appeal).[5]

¶ 44                    b. The Trial Court's Rule 605(c)(5) Admonition Made
                          It Seem Defendant Could Obtain Counsel
                           Only After He Had Filed Motions

¶ 45    Rule 605(c)(5) requires that a defendant be put on notice:

"that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to

---

[5]This court acknowledges that the procedural posture in *J.T.* is distinguishable from the instant case and informed much of the *J.T.* court's analysis when it came to issues such as prejudice, how much the respondent had been in court, etc. In that case, this court employed a fundamental fairness/prejudice analysis because the respondent had failed to file a timely notice of appeal, leave to file late notice of appeal, or motion to reconsider sentence/withdraw guilty plea and thus the appellate court had no jurisdiction, necessitating a supervisory order from this court.

However, this court's finding that the "admonitions did not strictly comply with Rule 605(c)" but "were sufficient to put J.T. on notice that he could challenge his guilty plea and that some action on his part within 30 days was necessary if he wished to appeal" is informative of what the standard should be for determining whether a circuit court has properly admonished a guilty plea defendant under Rule 605(b) or (c) so as not to violate due process. This applies to the substantive analysis of whether Rule 605(c) admonitions were adequate, separate and apart from the prejudice and "fundamental fairness" issues at play in *J.T.* due to the request for a supervisory order.

the defendant and counsel will be appointed to assist the defendant with the preparation of the motions."

¶ 46 Here, the circuit court orally admonished defendant as follows:

"Should your motion to reconsider sentence be granted, you will be resentenced. In the event the motions are denied, you have 30 days from denial to return to file a notice of appeal the Court's ruling. If you wish to do so and could not afford an attorney, we will give you an attorney free of charge, along with the transcripts necessary for those purposes."

¶ 47 Defendant argues that he was misinformed and misled by the circuit court when the court offered counsel only in the event the motions were denied. By implication, the court suggested defendant lacked the right to counsel to prepare the motions. The rule orders the court to clearly explain to a defendant *when* and *how* counsel can assist. This deficient admonishment was particularly damaging because it failed to ensure that defendant knowingly and voluntarily waived his right to counsel. The State counters that the oral admonishments provided to defendant are similar to those provided in *J.T.*, where this court found the admonishment substantially complied with Rule 605(c).

¶ 48 In *J.T.*, the circuit court admonished the respondent about his right to file a petition to withdraw his guilty plea but that, if it denied the petition, the petition would:

" 'go up to the higher court and they will look at everything.

They will take this record this lady is typing up or transcribing and they will read everything that was said in the courtroom by the attorneys, by you, by me, to see whether or not your rights were violated in any way.

Do you understand that?

[J.T.]: Yes, your Honor.

THE COURT: All right. Very well. So—and they will look it over for you and also if you go up on appeal and you are unable to hire an attorney to represent you, the Court will appoint an attorney for you free of charge. That's your right to have an attorney if you can't afford one. Also, we will provide you with a free copy of the transcript.' " *J.T.*, 221 Ill. 2d at 343.

¶ 49 This court in *J.T.* found that these admonitions "were sufficient to put J.T. on notice that he could challenge his guilty plea, and that some action on his part within 30 days was necessary if he wished to appeal." *J.T.*, 221 Ill. 2d at 347-48.

¶ 50 In *People v. Dunn*, 342 Ill. App. 3d 872 (2003), the circuit court admonished the defendant under Rule 605(c): "Any reasons not set forth in your motion will be waived for purposes of appeal. If you couldn't afford an attorney or a copy of the transcript, those will be provided for you free of charge. If I allow you to withdraw your plea of guilty, all charges will be reinstated." *Dunn*, 342 Ill. App. 3d at 876. The defendant challenged the sufficiency of the admonishment, particularly the failure to admonish that his appointed counsel could help him draft his postplea motions. The appellate court rejected the defendant's argument, finding that "[t]he court properly informed defendant of his right to appeal, the need to file a written motion to withdraw the plea within 30 days of sentencing, waiver of any issues not

raised in such motion, and, if indigent, his right to a free transcript and to an attorney free of charge." *Dunn*, 342 Ill. App. 3d at 882. The court concluded:

> "Defendant's contention that the trial court failed to admonish him that appointed counsel could help him draft postplea motions is refuted by the record. The trial court admonished defendant that in order to appeal, he must file a written motion to withdraw the guilty plea. The trial court also admonished defendant that if he were indigent, an attorney would be appointed free of charge. These admonitions reflect that a court-appointed attorney would be available for defendant. The language used by the trial court was not the exact language employed by the rule; however, the trial court's admonitions did convey the substance of the rule." *Dunn*, 342 Ill. App. 3d at 882.

¶ 51        Here, as in both *J.T.* and *Dunn*, the trial court arguably did not explicitly inform defendant that he was entitled to have an attorney appointed to help him prepare the postplea motions. However, as in both those cases, the admonitions reflect that a court-appointed attorney would be available for defendant. Thus, like in those cases, the trial court's admonitions did convey the substance of the rule to defendant and complied with Rule 605(c). Further, unlike in either *J.T.* or *Dunn*, the written admonition form signed by defendant which supplemented the oral admonitions did clearly indicate that counsel could be appointed to help him prepare his postplea motions. While the oral admonishments might have been more general about the right to counsel, the written admonishment specifically made it clear defendant was entitled to counsel to help him prepare the motions. Defendant was put on notice that a court appointed attorney would be available for him, and thus it cannot be said that there was an unknowing or involuntary waiver of counsel. See *J.T.*, 221 Ill. 2d at 347-48; *Dunn*, 342 Ill. App. 3d at 882.


¶ 52                    c. The Circuit Court's Failure to Explain Under Rule 605(c)(4)
                    That, Should Defendant's Plea Be Vacated, the Dismissed Charges
                                              Could Be Reinstated

¶ 53        Here, the circuit court, in its oral admonishments, completely failed to mention the possibility that should defendant's plea be vacated, the State could reinstate all charges dismissed in accordance with the negotiated plea. However, the State argues there was substantial compliance because the written admonishments provided full compliance with Rule 605(c)(4). We agree. This is not a situation where it can be argued the oral admonishment misled defendant or even conflicted with the written admonishments. Defendant signed off on having received this admonishment and acknowledged in open court that he had read and understood it.

¶ 54        We conclude that, taken as a whole, the oral and written admonishments substantially advised defendant of the requirements of Rule 605(c) so as to put him on notice of steps necessary to preserve an appeal pursuant to Rule 604(d). While the circuit court's oral admonishments were imperfect and did not use the exact language employed by Rule 605(c), the admonishments provided in this case as a whole, both oral and written, were sufficient to impart the essence or substance of the rule to defendant. See *J.T.*, 221 Ill. 2d at 347-48;

*People v. Tlatenchi*, 391 Ill. App. 3d 705, 722 (2009); *People v. Claudin*, 369 Ill. App. 3d 532, 534 (2006); *Dunn*, 342 Ill. App. 3d at 882.

¶ 55                                    CONCLUSION

¶ 56      The judgments of the circuit and appellate courts are affirmed.

¶ 57      Affirmed.

¶ 58      JUSTICE BURKE, dissenting:

¶ 59      Today, the majority holds that Supreme Court Rule 605 requires only that a defendant be "substantially" advised of the content of the rule (*supra* ¶ 11) and that the trial court's admonishments in the case at bar met that standard (*supra* ¶¶ 37-54). I disagree with the majority's conclusion that the admonishments substantially complied with the dictates of Rule 605. More importantly, though, I write separately because I believe Rule 605 should be amended to require a verbatim reading of the admonishments, *i.e.*, strict compliance.

¶ 60      Initially, I do not agree with the majority that the trial court substantially complied with Rule 605 where three of the six admonishments required by the rule were given erroneously or were completely absent.

¶ 61      With respect to the admonishment which requires the court to explain that a written motion must be filed in the trial court within 30 days of the date of sentence, the trial judge erroneously stated that defendant had to "return to the courtroom." The majority designates it as "unfortunate" that the trial judge used this phrase (*supra* ¶ 43). I would go further, however; it is not just unfortunate, but improper.

¶ 62      Moreover, with respect to the admonishment which requires the court to explain to defendant he is entitled to the assistance of counsel, the trial judge's statements indicated that defendant was not entitled to counsel until after he filed his postplea motions, *i.e.*, for appeal only. The admonishment was inaccurate and, in my view, did not put defendant on notice that he was entitled to counsel to prepare any postplea motions—the very motions defendant failed to file in this case.

¶ 63      Lastly, the admonishment which requires the trial court to explain to defendant that if the court vacated his guilty plea the State could reinstate all of the charges it had dismissed was entirely lacking. As the majority points out, the trial judge "completely failed" to mention this possibility. *Supra* ¶ 53. However, the majority concludes that because defendant signed the written admonishment, this was sufficient to put defendant on notice. I disagree. In this instance, the written admonishment was a complete substitute for the oral admonishments—something which the majority itself holds is insufficient: "[t]he written admonishments by themselves are not adequate." *Supra* ¶ 27.

¶ 64      There can be no "substantial compliance" when the trial court omits completely one of the six admonishments, fails to relay to defendant the vital fact he is entitled to the assistance of counsel to prepare the required postplea motions needed to preserve his right to appeal, and tells defendant he must return to the court to file his motions. Overall, the

-15-

admonishments were incomplete and misleading. Thus, I cannot agree with the majority that substantial compliance was met in this case.

¶ 65    This brings me to my second important point: I believe this court should amend Rule 605 to require strict compliance through a verbatim reading of the rule. As the disagreement among the members of this court in this case illustrates, the question of what constitutes "substantial compliance" is not easily agreed upon. Our appellate court frequently disagrees as to whether a particular omission from the rule amounts to "substantial compliance." Compare, *e.g.*, *People v. Vasques*, No. 5-08-0476 (Jan. 15, 2010) (unpublished order under Supreme Court Rule 23), and *People v. Hopkins-Bey*, No. 2-10-0091 (June 4, 2010) (unpublished order under Supreme Court Rule 23).[6]

¶ 66    A bright line rule requiring trial courts to read Rule 605 verbatim "would greatly simplify the process and eliminate unnecessary litigation on appeal." *In re J.T.*, 221 Ill. 2d 338, 357 (2006) (Kilbride, J., concurring in part and dissenting in part). Further, a bright line rule would be easy to comply with. All the trial judge need do is read the words from the rule directly into the record. Requiring a verbatim reading of the rule will eliminate any need for trial judges to "memorize" the substance of the rule and will eliminate the situation that exists in the case at bar, where the trial judge, in attempting to paraphrase the rule in his own words, combined the admonishments required by paragraph (b) with those required by paragraph (c), incorrectly used the phrase "return to the courtroom," failed to make it clear that defendant had a right to counsel for preparation of postplea documents, and failed to explain to defendant that the dismissed charges could all be reinstated.

¶ 67    Moreover, a determination of whether a trial judge complied with Rule 605 will easily be made by the appellate court by asking one simple question: Did the trial judge read Rule 605 verbatim? If the answer is in the negative, the case will be remanded for proper admonishments and additional proceedings. Reviewing courts will not have to undertake a case-by-case analysis, requiring time and energy, to determine whether and to what extent the trial judge complied with Rule 605. A bright line rule will preserve judicial resources, expedite resolution of any challenges, and result in predictable and consistent results.

¶ 68    This is a situation where a bright line rule is appropriate. Not only will a bright line rule preserve judicial resources by simplifying the process and eliminating unnecessary litigation, it will preserve the important right of defendants at issue: the right to appeal and challenge his or her guilty plea and/or sentence. Accordingly, I urge this court to amend Rule 605 to require a verbatim reading of the required admonishments.

---

[6]There is no doubt disagreement among the appellate court panels as to how to evaluate whether "substantial compliance" exists and whether a particular trial judge has, in fact, substantially complied with the rule's requirements. See, *e.g.*, *People v. Claudin*, 369 Ill. App. 3d 532 (2006); *People v. Perper*, 359 Ill. App. 3d 863 (2005); *People v. Crump*, 344 Ill. App. 3d 558 (2003); *People v. Lloyd*, 338 Ill. App. 3d 379 (2003); *People v. Green*, 332 Ill. App. 3d 481 (2002); *People v. Wyatt*, 305 Ill. App. 3d 291 (1999). See also *People v. Stevenson*, No. 1-08-1393 (Mar. 9, 2010) (unpublished order under Supreme Court Rule 23); *People v. Sheber*, No. 2-08-0173 (Sept. 8, 2009) (unpublished order under Supreme Court Rule 23).

¶ 69        CHIEF JUSTICE KILBRIDE and JUSTICE FREEMAN join in this dissent.