2023 IL App (1st) 210357-U

No. 1-21-0357

Order filed February 3, 2023

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 13214 |
| | ) | |
| DAVEON MOON, | ) | Honorable |
| | ) | Michael Joseph Kane, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

*Held*:   Where the circuit court has, pursuant to Illinois Supreme Court Rule 605(c), substantially informed a defendant of the means for appeal from a guilty plea and the defendant files a motion to withdraw the plea more than 30 days of the entry of judgment on the plea, the circuit court must dismiss the motion to withdraw the plea as untimely.

¶ 1        Pursuant to a negotiated plea agreement, defendant Daveon Moon pled guilty to delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 2018)) and violating the armed habitual criminal provision of the Criminal Code (720 ILCS 5/24-1.7 (West 2018)). Moon was

sentenced to seven years' imprisonment on each charge, with sentences to run consecutively. Moon later filed a motion to withdraw his pleas, and the circuit court denied his motion as untimely. In this appeal, Moon contends the circuit court did not correctly admonish him concerning the procedures for appealing the guilty plea. We find the circuit court substantially admonished Moon in accord with the applicable rule, and therefore, we affirm the circuit court's judgment.

¶ 2                                              BACKGROUND

¶ 3       Following an incident in Chicago on August 4, 2018, Moon was charged by felony complaint, case number 18 CR 13214, with delivery and possession of a controlled substance and possession of a controlled substance. While on bond for those charges, he was charged in an unrelated incident with, in relevant part, being an armed habitual offender under case number 18 CR 11934. The trial court proceeded on both cases together. On May 30, 2019, Moon, through counsel, requested a plea conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012).

¶ 4        When Moon entered his pleas, the court sentenced him to the negotiated sentences of seven years for each charge, with the sentences to run consecutively.  The court admonished Moon:

>    "In the event you were to change your mind about your plea, you have 30 days within which to file a motion to withdraw your plea of guilty. In that motion, you have to itemize each and every reason why you think you should be allowed to withdraw your plea of guilty. If I grant your motion on these cases or either one of them, I'll vacate the plea that I entered today and I'll reset your case in the trial call,

and I'll let the State reinstate whatever counts that were dismissed pursuant to the plea agreement. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If I deny your motion, you have 30 days from the date I deny the motion to withdraw your plea of guilty to file what is called a notice of appeal to take my decision to the appellate court and have it reviewed by the justices of the appellate court. If you could not afford an attorney, I would give you one free of charge. I would also give you a copy of today's transcript to aid you in the preparation of that motion.

Do you understand that?

THE DEFENDANT: Yes, sir."

¶ 5        On March 9, 2020, far more than 30 days after the plea hearing, Moon filed a motion to withdraw his plea, arguing that he received ineffective assistance of counsel. The circuit court denied the motion. Moon filed a second motion to withdraw his plea, adding new arguments. The circuit court again denied the motion as untimely. Moon now appeals.

ANALYSIS

¶ 6        On appeal, Moon argues only that when the circuit court accepted his plea, the court failed to admonish him in accordance with Supreme Court Rule 605(c) (Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). Because our decision turns on interpretation of a Supreme Court rule, we review the issue de novo. *People v. Henderson*, 217 Ill. 2d 449, 458, 841 N.E. 2d 872, 876 (2005).

¶ 7        Supreme Court Rule 605(c) provides:

¶ 8    "In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal, the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated, and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State, any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived. " Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 9    The parties agree that our supreme court's opinion in *People v. Dominguez*, 2012 IL 111336, sets out the applicable principles. The *Dominguez* court stated:

"[T]he court must 'substantially' advise a defendant under Rule 605(c) in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence. So long as the court's admonitions were sufficient to impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule." *Dominguez*, 2012 IL 111336, ¶ 22.

¶ 10 The circuit court advised Moon that if it denied Moon's motion to withdraw his plea, Moon would have a right to appeal, substantially meeting the rule's first requirement. The circuit court advised Moon he had 30 days after sentencing to file a motion to withdraw his plea, and the motion needed to include each and every reason for the court to allow him to withdraw the plea, substantially meeting the rule's second requirement. The court advised Moon that, if the court allowed him to withdraw the plea, the court would vacate the plea and set the case for trial, substantially complying with the rule's third requirement. The court also advised Moon that, if the court allowed him to withdraw the plea, the court would allow the State to reinstate any charges dismissed as part of the plea agreement, in accordance with the rule's fourth requirement. The court informed Moon that it would provide him with a transcript of the plea and he could have the assistance of a court-appointed attorney if he lacked funds to hire one himself, substantially meeting the fifth requirement.

¶ 11 Moon argues the circuit court did not meet the rule's sixth requirement. The court stated that in the motion to withdraw the plea "you have to itemize each and every reason why you think you should be allowed to withdraw your plea of guilty." However, the court did not specifically state that Moon would waive any argument not raised in the motion.

¶ 12 In *Dominguez*, the circuit court informed Dominguez of the "right to return to the courtroom within 30 days to file motions to vacate your plea of guilty and/or reconsider your sentence. The motions must be in writing and contain all the reasons to support them." *Dominguez*, 2012 IL 111336, ¶ 41. The *Dominguez* court found the admonishment sufficient to meet the rule's requirement. *Id.* ¶ 43. The admonishment here similarly informed Moon he needed to include all reasons for withdrawing the plea without specifically mentioning waiver. We find the lack of an explicit mention of waiver does not render the admonishments insufficient.

¶ 13 Moon also contends the circuit court violated Rule 605(c) when it framed the admonishment as what Moon should do "[i]n the event you were to change your mind," instead of framing the admonishment as the way to appeal from the conviction and sentence. Moon would need to appeal only if he changed his mind about the plea agreement. We find the court's framing of the issue substantially complied with Rule 605(c).

¶ 14                                                    CONCLUSION

¶ 15 The circuit court adequately informed Moon about his appeal rights in accordance with Supreme Court Rule 605(c). Because Moon did not file his motions to withdraw his guilty plea within 30 days, the circuit court correctly dismissed the motions. Accordingly, we affirm the circuit court's judgment.

¶ 16 Affirmed.