NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241089-U

NO. 4-24-1089

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 29, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| DAVID L. JOHNSON, | ) | No. 22CF31 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Andrew J. Doyle, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Doherty and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court remanded, finding the trial court failed to comply with Illinois
Supreme Court Rule 605(b) (eff. Dec. 7, 2023).

¶ 2    In November 2023, defendant, David L. Johnson, pleaded guilty to home invasion

(720 ILCS 5/19-6(a)(2) (West 2022)). In January 2024, defendant was sentenced to 16 years'

imprisonment. On appeal, defendant argues the trial court failed to comply with Illinois Supreme

Court Rule 605(b) (eff. Dec. 7, 2023). We agree and remand the matter for compliance with Rule

605(b).

¶ 3                              I. BACKGROUND

¶ 4    In January 2022, the State charged defendant by information with home invasion

(720 ILCS 5/19-6(a)(2) (West 2022)), two counts of aggravated domestic battery (*id.* § 12-3.3(a),

(a-5)), criminal damage to property (*id.* § 5/21-1(a)(1)), unlawful restraint (*id.* § 5/10-3(a)), and

interfering with the reporting of domestic violence (*id.* § 5/12-3.5(a)).

¶ 5         On November 2, 2023, defendant entered into an open plea of guilty to home invasion in exchange for the State dismissing the remaining charges. The State's factual basis provided that on January 16, 2022, defendant broke into the home of Tabitha Hootman and punched her repeatedly in the face. Hootman barricaded herself in the bathroom. Defendant broke through the bathroom door and began punching her again, causing her to lose at least four teeth. After admonishing defendant, the trial court accepted his guilty plea, finding it knowingly and voluntarily entered.

¶ 6         A sentencing hearing was held on January 19, 2024. The trial court sentenced defendant to 16 years' imprisonment. Following the imposition of sentence, the court admonished defendant as follows:

> "[Defendant], *** if you think we did something wrong today, you do have the right to file a motion within 30 days *** asking that your guilty plea be vacated and the judgment vacated. You must list all the reasons that you think we did something wrong. If you fail to list those reasons, they may not be heard by the Appellate Court.
>
> *** I will review that, and if I decide that I did do something wrong based on your motion, then we'll start right back over where you were before you entered your guilty plea and all of your other charges would be reinstated.
>
> If I deny the motion then you'd have 30 additional days to file a notice of appeal with the Appellate Court. A lawyer would be

provided for you to assist in that appeal."

¶ 7        On January 22, 2024, defendant filed a *pro se* motion to withdraw his guilty plea, alleging (1) ineffective assistance of counsel, (2) a discovery violation, and (3) an excessive sentence. When defendant appeared before the trial court in February 2024, he withdrew his motion.

¶ 8        In March 2024, defendant, through counsel, filed a motion to reconsider his sentence. Following an August 2024 hearing, the trial court denied defendant's motion.

¶ 9        This appeal followed.

¶ 10                             II. ANALYSIS

¶ 11        On appeal, defendant argues the trial court, after imposing sentence, failed to comply with Rule 605(b). The State concedes error, and we accept the State's concession.

¶ 12        The version of Rule 605(b) in effect at the time of defendant's sentencing provided:

> "In all cases in which a judgment is entered upon a plea of guilty, other than a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
>
> > (1) that the defendant has the right to appeal;
> >
> > (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting

- 3 -

forth the grounds for the motion;

(3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of the plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(b) (eff. Dec. 7, 2023).

¶ 13 To substantially advise a defendant pursuant to Rule 605(b), the trial court is not required to provide "a strict verbatim reading of the rule." *People v. Dominguez*, 2012 IL 111336, ¶ 19. "Rather, the court must impart to a defendant largely that which is specified in the rule, or the rule's 'essence,' as opposed to 'wholly' what is specified in the rule." *Id.*

¶ 14 Defendant argues the trial court's admonishments failed to substantially advise

him that he could challenge his sentence by filing a motion to reconsider sentence within 30 days of sentencing and that he had a right to transcripts and the assistance of counsel to prepare any postplea motion. We agree.

¶ 15　　　　After imposing sentence, the trial court's admonishments only vaguely informed defendant of his obligation to file a written motion and what he may challenge in that motion prior to seeking an appeal. See Ill. S. Ct. R. 605(b)(2) (eff. Dec. 7, 2023). Additionally, the court's admonishments made no mention of defendant's right to transcripts or the assistance of counsel should he desire to file a written motion challenging his plea or sentence. See Ill. S. Ct. R. 605(b)(5) (eff. Dec. 7, 2023). Accordingly, the court's admonishments failed to sufficiently comply with Rule 605(b).

¶ 16　　　　Defendant requests we remand the matter for the trial court to comply with Rule 605(b). We agree to do so. Where the court fails to properly admonish a defendant pursuant to Rule 605(b), the remedy is to remand the case with directions to comply with the rule. *People v. Jamison*, 181 Ill. 2d 24, 29-30 (1998).

¶ 17　　　　Finally, we recognize remand here would appear to place form over substance, given the fact that defendant affirmatively chose to forgo challenging his guilty plea and did properly challenge his sentence. Thus, it would appear our remand here simply provides defendant the opportunity to redo what he has already done. However, a lack of prejudice does not preclude remand for the trial court's failure to comply with Rule 605(b). See *Dominguez*, 2012 IL 111336, ¶ 21 n.4 (contrasting Rule 605(b) from Rule 605(a) where prejudice must be shown to require remand).

¶ 18　　　　　　　　　　　　III. CONCLUSION

¶ 19　　　　For the reasons stated, we remand the matter with directions for the trial court to

comply with Rule 605(b).

¶ 20        Remanded with directions.