2026 IL App (2d) 250296-U
No. 2-25-0296
Order filed February 25, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v. SHERRI WILLIAMS, Defendant-Appellant.

Appeal from the Circuit Court of Kendall County.
Honorable Jody Gleason, Judge, Presiding.
No. 24-CF-65

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Kennedy and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's admonishments, while not flawless, were adequate to advise defendant she needed to move to withdraw her guilty plea before she could pursue an appeal; no timely motion to withdraw the plea was made, so the appeal is dismissed pursuant to Rule 604(d).

¶ 2    Defendant Sherri Williams was arrested on a complaint following a traffic offense and obstruction and later charged by indictment with two counts of aggravated battery of a peace officer for kicking two officers in their respective legs. 720 ILCS 5/12-3.05(d)(4) (West 2024). On June 18, 2025, Sherri accepted a plea offer from the State. In exchange for pleading guilty to a single misdemeanor count of resisting a peace officer (*id*. § 31-1(a)(1)), Sherri would be sentenced to periodic imprisonment, 12 months' probation, and court costs. Sherri accepted the offer and the

remaining charges were dismissed. The trial court admonished Sherri regarding the need for a motion to withdraw her guilty plea before pursuing an appeal. See Ill. S. Ct. R. 605(c) (eff. April 15, 2024). In response to the court's questions, Sherri stated that she was not under the influence of any substances, that no other offers had been made, that she had not been threatened in any way, and that she was pleading guilty freely and voluntarily. Sherri was represented at the plea hearing by private counsel, and when asked by the court, she stated that she understood her rights and responsibilities.

¶ 3    On July 17, 2025, Sherri filed a notice of appeal in the trial court. In the notice, she requested that we "order the trial court to allow [her] to withdraw [her] guilty plea and conduct a new plea hearing with proper legal representation." Sherri did not file a separate motion to withdraw her plea. A minute order reflects that the trial court appointed the appellate defender.

¶ 4    On appeal, the appellate defender asks that we remand this case with instructions to re-admonish defendant, and to allow her to file a motion to withdraw her guilty plea if she so chooses. The appellate defender asserts that the trial court erred in admonishing Sherri under Rule 615(c), as a means to stave off dismissal under Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024). The State responds that the trial court's admonishments were sufficient to substantially comply with the rule, and that we must dismiss this appeal. We agree with the State.

¶ 5    The trial court admonished defendant in relevant part as follows:

    "THE COURT: Okay. So even though you pled guilty, you still would have a right to take an appeal.

    Prior to taking an appeal, first you would have to file a motion to withdraw your plea. That has to be filed within 30 days of today's date.

If that is granted, then the case would be set for trial. Any charges the State reduced, dismissed, or amended could be reinstate[d], and everything would be set for trial.

If you[r] motion to withdraw your plea is denied, then you have 30 days from that date to file a Notice of Appeal. You can ask that I direct the clerk of the court to file the Notice of Appeal for you.

In addition, if you're indigent, meaning that you cannot afford to handle -- or hire an attorney, I would appoint an attorney to represent you for the motion to withdraw the plea[,] [the] notice of appeal[,] and provide you copies of the transcripts free of costs.

Do you understand your appellate rights?

THE DEFENDANT: Yes.

THE COURT: Okay. Good luck.

(Proceedings concluded.)"

¶ 6    What the court failed to tell Sherri was that the motion to withdraw her plea needed to set forth the grounds for its withdrawal and that any claim not included in the motion would be deemed waived on appeal. See Ill. S. Ct. R. 605(c). This was not fatal. We have held that it violates due process when the court fails to "inform the defendant that filing the motion [to withdraw the plea] was necessary to perfect the appeal" altogether. *People v. Hayes*, 2022 IL App (2d) 210014, ¶ 34. Here, the court conveyed that the motion needed to be filed and ruled upon first, before an appeal could be sought. Had Sherri filed a document requesting leave to withdraw her plea, without stating why she was entitled to have her plea withdrawn, then we could see how she might have been misled. But in no instance did the court say that she could skip presenting the request to the trial court and proceed directly to the appellate court.

¶ 7        The appellate defender also contends the court's admonishment regarding Sherri's right to appointed counsel was "confusing," such that "it may have led to an understanding that the motion to withdraw the plea and notice of appeal could be contained in the same document." We do not see how that is a reasonable inference. Even if we assume that Sherri strictly adhered to what the court told her (and never discussed the matter with her hired attorney) the trial court was clear that, "[*p*]*rior* to taking an appeal, *first* you would have to file a motion to withdraw your plea." Those were adequate instructions. Rule 605(c) "does not require a strict verbatim reading of the rule"; rather, the court need only "to 'substantially advise' defendants of its contents" (*People v. Dominguez*, 2012 IL 111336, ¶ 19. Here, the trial court substantially advised Sherri of the rule's preeminent feature, the necessity of filing a motion to withdraw her plea.

¶ 8        As the trial court substantially complied with Rule 605(c), this case does not fall into the admonishment exception to Rule 604(d), which precludes us from hearing any appeal from a guilty plea without the defendant having first sought the trial court's leave to take back the plea. See *People v. Flowers*, 208 Ill. 2d 291, 301 (2004) ("[w]here a defendant has failed to file a written motion to withdraw his plea of guilty or to reconsider his sentence, the appellate court must dismiss the appeal"). For the reasons stated, this appeal is accordingly dismissed.

¶ 9        Dismissed.