2021 IL App (1st) 191884-U

No. 1-19-1884

Order filed June 28, 2021

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 DV 76477 |
| | ) | |
| CRAIG JOHNSON, | ) | Honorable |
| | ) | Callie Lynn Baird, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE WALKER delivered the judgment of the court.
Justices Pierce and Coghlan concurred in the judgment.

**ORDER**

¶ 1  *Held*:  Appeal dismissed because defendant failed to file a post-plea motion in compliance with Rule 604(d), and the admonition exception to that rule does not apply.

¶ 2  Pursuant to a negotiated plea, defendant Craig Johnson pled guilty to one count of simple battery (720 ILCS 5/12-3 (West 2016)) and was sentenced to 12 months of supervision. On appeal, he acknowledges his failure to file a timely post-plea motion as required by Supreme Court Rule 604(d) (eff. July 1, 2017), but contends that this does not preclude his appeal because the trial

court's admonitions at the time of his plea did not comply with Supreme Court Rule 605(c) (eff. Oct. 1, 2001). On that basis, he asks that we remand for proper admonitions. For the following reasons, we conclude that the admonition exception does not apply to excuse Johnson's noncompliance with Rule 604(d) and dismiss the appeal.

¶ 3                                    BACKGROUND

¶ 4      The State charged Johnson with one count of domestic battery and one count of violating an order of protection, in connection with an August 2019 incident involving Latasha Shenault. During proceedings on August 29, 2019, the State informed the court that the parties had reached an agreement under which Johnson would plead guilty to "simple battery," serve "12 months of supervision, attend domestic violence classes, complete an alcohol and drug evaluation, and pay all fines and fees."[1] The State also agreed to *nolle pros* the count for violating an order of protection.

¶ 5      The court confirmed with Johnson that he had executed a jury waiver, that he understood that he was giving up his right to a trial, and that he was pleading guilty of his own free will. As the factual basis for the plea, the parties stipulated that Shanault would testify that on or about August 10, 2019, Johnson struck her in the face with a closed fist.

¶ 6      The trial court accepted the plea, found Johnson guilty on the charge of battery, and sentenced him in accordance with the plea agreement. The court then admonished Johnson as follows:

> "Sir, you have the right to appeal; however, before you can appeal my
>
> decision, you must first, within 30 days of today's date, file with the Clerk of the

---

[1] At the same time, the court granted the State's oral motion for leave to amend the complaint to include the simple battery charge.

Court a motion to withdraw your plea of guilty. In the motion you must state all the reasons why you wish to withdraw your plea of guilty.

If I grant the motion, the plea of guilty, the sentence, and the judgment, will be set aside, and the case will be set for trial. Any charges that were dismissed as part of the plea agreement would also be reinstated and set for trial. If I deny the motion, then you have 30 days from the date of the denial to file a written notice of appeal. Any issues or claim of error that's not raised will be waived.

If you can not afford an attorney, an attorney will be appointed to assist you and you will receive a free copy of the transcript.

Do you understand your appeal rights, Mr. Johnson?

JOHNSON: Yes, ma'am."

¶ 7    The court entered a written sentencing order on August 29, 2019. Johnson did not file a motion to withdraw his plea. On September 18, 2019, he filed a notice of appeal.

¶ 8                                          ANALYSIS

¶ 9    On appeal, Johnson seeks remand, on the ground that the circuit court's admonitions at the time of his plea did not substantially comply with Rule 605(c). He acknowledges that he did not file a motion to withdraw his plea within 30 days of imposition of sentence, which is generally a prerequisite to an appeal from a negotiated guilty plea. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Nonetheless, he asserts that, because the court's admonitions did not substantially comply with Rule 605(c), the "admonition exception" excuses his noncompliance with Rule 604(d). He requests that we remand for him to receive new admonitions and to allow him an "opportunity to file a motion with the assistance of counsel asking to have the judgment vacated and for leave to withdraw his guilty plea."

¶ 10    Illinois Supreme Court Rule 604(d) provides, in relevant part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.
>
> No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment."
>
> Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 11    "The filing of a Rule 604(d) motion is a condition precedent to an appeal from a judgment on a plea of guilty." *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003). Although the lack of such a motion does not deprive the appellate court of jurisdiction, "[a]s a general rule * * * the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits." *Id.* at 301. Thus, "[w]here a defendant has failed to file a written motion to withdraw his plea of guilty or to reconsider his sentence, the appellate court must dismiss the appeal [citation], leaving the Post-Conviction Hearing Act as the defendant's only recourse [citation]." *Id.*

¶ 12    An exception to this general rule applies in cases where a defendant was not adequately admonished pursuant to Rule 605(c). *People ex. rel. Alvarez v. Skyrd*, 241 Ill. 2d 34, 41 (2011). Rule 605(c) provides that, when judgment is entered upon a negotiated guilty plea, "at the time of imposing sentence, the trial court shall advise the defendant substantially" regarding his right to appeal, including the requirement that defendant first file a motion to withdraw the plea and, of

particular relevance to the appeal herein, "that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). Rule 605 is a "necessary corollary to Rule 604(d)," as "[a]dmonishing defendants regarding the requirements of Rule 604(d) ensures that the ramifications of noncompliance comport with due process. [Citation.]" *Skyrd*, 241 Ill. 2d at 41.

¶ 13    Because "[d]ismissal of an appeal based on a defendant's failure to file the requisite motions in the circuit court would violate due process if the defendant did not know that filing such motions was necessary," our supreme court has "recognized an 'admonition exception' to Rule 604(d)." *Id.* (citing *Flowers*, 208 Ill. 2d at 301). Under this exception, "[w]here a circuit court fails to give applicable Rule 605 admonishments and the defendant attempts to appeal without first filing the motions required by Rule 604(d), the appeal is not dismissed. Rather, the appellate court must remand the cause to the circuit court for strict compliance with Rule 604(d)." *Id.* (citing *Flowers*, 208 Ill. 2d at 301).

¶ 14    As Rule 605(c) requires the trial court to "advise the defendant substantially" regarding the contents of the rule, (Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001)), a substantial compliance standard applies in assessing whether the court's admonitions are sufficient. See *People v. Dominguez*, 2012 IL 111336, ¶¶ 15-22. Our supreme court has explained that Rule 605(c) "does not require a strict verbatim" reading of its contents; rather, "the court must impart to a defendant largely that which is specified in the rule, or the rule's 'essence,' as opposed to 'wholly' what is specified in the rule." *Dominguez*, 2012 IL 111336, ¶ 19; see also *In re J.T.*, 221 Ill. 2d 338, 347-48 (2006) ("While these admonitions did not strictly comply with Rule 605(c), they were sufficient to put [juvenile

defendant] on notice that he could challenge his guilty plea, and that some action on his part within 30 days was necessary if he wished to appeal."). In other words, the trial court "must 'substantially' advise a defendant under Rule 605(c) in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal * * *. So long as the court's admonitions were sufficient to impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule." *Dominguez*, 2012 IL 111336, ¶ 22.

¶ 15    In the instant appeal, Johnson asserts that the trial court did not substantially comply with Rule 605(c), in admonishing him regarding his right to the assistance of counsel. See Ill. S. Ct. R. 605(c)(5) (eff. Oct. 1, 2001) (trial court shall advise defendant "if the defendant is indigent * * * counsel will be appointed to assist the defendant with the preparation of the motions.") Specifically, he claims that the trial court "failed to properly inform [him] that counsel would be appointed to assist him in the preparation of the motion and transcripts would be provided to him." Johnson acknowledges that the trial court told him: "If you cannot afford an attorney, an attorney will be appointed to assist you and you will receive a free copy of the transcript." However, he asserts that this admonition was inaccurate, as it conveyed "that he would be appointed a free attorney *for an appeal*, if the motion to withdraw were denied, and not that he could have an attorney to help prepare the motion to withdraw." Johnson essentially argues that the admonitions were deficient because the trial court did not specifically state that an appointed attorney could assist him in drafting a motion to withdraw his plea.

¶ 16    The State responds, and we agree, that Johnson's position is refuted by our supreme court's decision in *Dominguez*, 2012 IL 111336, which rejected a nearly identical argument. That decision and the precedent cited therein make clear that substantial compliance with Rule 605(c) does not

require the trial court to explicitly advise Johnson that appointed counsel may assist with a post-plea motion.

¶ 17    As in this case, the trial court's admonitions in *Dominguez* referenced the right to counsel after discussing post-plea motions, informing the defendant: "'In the event the motions are denied, you have 30 days from denial to return to file a notice of appeal * * *. If you wish to do so and could not afford an attorney, we will give you an attorney free of charge * * * .' " *Id.* ¶ 46. The *Dominguez* defendant argued that these admonitions did not substantially comply with Rule 605(c) because, *inter alia*, they "suggested to defendant that only *after* post-plea proceedings could defendant get free transcripts and appointed counsel, when Rule 605(c) provides that counsel will be appointed to help with the *preparation* of the motions." (Emphasis in original.) *Id.* ¶ 38. The *Dominguez* defendant argued that he was "misinformed and misled * * * when the court offered counsel only in the event the motions were denied" and "suggested defendant lacked the right to counsel to prepare the motions." *Id.* ¶ 47.

¶ 18    In rejecting this argument, our supreme court in *Dominguez* referenced the holdings in *In re J.T.*, 221 Ill. 2d 338 (2006) and *People v. Dunn*, 342 Ill. Ap. 3d 872 (2003). *Dominguez*, 2012 IL 111336, ¶¶ 48-51. In *J.T.*, the trial court's admonitions to the juvenile defendant mentioned his right to counsel only after describing his right to appeal from the denial of a petition to withdraw his plea. *J.T.*, 221 Ill. 2d at 343. Nevertheless, our supreme court found the admonitions were "sufficient to put J.T. on notice that he could challenge his guilty plea, and that some action on his part within 30 days was necessary if he wished to appeal." *Id.* at 347-48.

¶ 19    *Dominguez* also cited *Dunn*'s conclusion that the trial court substantially complied with Rule 605(c) when it admonished the defendant that: " 'Any reasons not set forth in your motion will be waived for purposes of appeal. If you couldn't afford an attorney or a copy of the transcript,

those will be provided for you free of charge. If I allow you to withdraw your plea of guilty, all charges will be reinstated.' " *Dominguez*, 2012 IL 111336, ¶ 50 (quoting *Dunn*, 342 Ill. App. 3d at 876.) The *Dunn* decision held that: "these admonitions reflect that a court-appointed attorney would be available for defendant. The language used by the trial court was not the exact language employed by the rule; however, the trial court's admonitions did convey the substance of the rule." *Dunn*, 342 Ill. App. 3d at 882.

¶ 20    In *Dominguez*, our supreme court relied on these decisions to reject the defendant's argument and find that the admonitions substantially complied with Rule 605(c):

"Here, as in both *J.T.* and *Dunn*, the trial court arguably did not explicitly inform defendant that he was entitled to have an attorney appointed to help him prepare the post-plea motions. However, as in both those cases, the admonitions reflect that a court-appointed attorney would be available for defendant. Thus, like in those cases, the trial court's admonitions did convey the substance of the rule to defendant and complied with Rule 605(c)." *Dominguez*, 2012 IL 111336, ¶ 51.

¶ 21    As such, *Dominguez* makes clear that, to substantially comply with Rule 605(c), a trial court need not explicitly inform a defendant that appointed counsel may assist with drafting a post-plea motion. Rather, *Dominguez* and the precedent cited therein illustrate that it is sufficient if the defendant was "put on notice that a court appointed attorney would be available for him." *Id*.

¶ 22    Hence, we reject Johnson's argument that the trial court's admonitions at his plea hearing failed to substantially comply with Rule 605(c). Here, the trial court clearly informed Johnson that if he wished to appeal, he would need to file a post-plea motion within 30 days, and further informed him: "If you cannot afford an attorney, an attorney will be appointed to assist you * * *." As in *Dominguez*, *J.T.*, and *Dunn*, these admonitions conveyed the substance of Rule 605(c)(5)

with respect to his right to appointed counsel, notwithstanding the lack of an explicit statement that counsel could help prepare a post-plea motion. Accordingly, because the trial court's admonitions substantially complied with Rule 605(c), the admonition exception does not apply to excuse Johnson's failure to file a timely post-plea motion pursuant to Rule 604(d) and we must dismiss the appeal. *Skyrd*, 241 Ill. 2d 34; *Flowers*, 208 Ill. 2d at 301.

¶ 23    In reaching this conclusion, we are not persuaded by Johnson's contention that *Dominguez* is distinguishable because the *Dominguez* defendant was provided with a written admonition form that supplemented the oral admonitions. *Dominguez*, 2012 IL 111336, ¶ 51. Johnson points out that in *Dominguez*, our supreme court devoted several paragraphs to discussing the use of written admonitions to supplement oral admonitions, *id.* ¶¶ 25-36, and determined that, under the "nature and circumstances of the written admonishments in [that] case, they [were] of value in determining whether the circuit court substantially advised defendant under Rule 605(c)." *Id.* ¶ 36.

¶ 24    However, a close reading of *Dominguez* indicates that, regardless of the written admonition form, our supreme court found the oral admonitions in that case were sufficient to inform defendant of his right to counsel, for purposes of Rule 605(c). At no point did the *Dominguez* court suggest that written admonitions were required. Rather, in *Dominguez*, our supreme court first concluded that the trial court's oral admonitions, as in *J.T.* and *Dunn*, "did convey the substance of the rule to defendant and complied with Rule 605(c)" before going on to note: "Further, unlike in either *J.T.* or *Dunn*, the written admonition form * * * did clearly indicate that counsel could be appointed to help him prepare his post-plea motions." *Id.* ¶ 51. Thus, *Dominguez* indicates that, as in *J.T.* and *Dunn*, oral admonitions substantially comply with Rule 605(c) if they notify defendant of the availability of counsel, even without an explicit statement that counsel may assist with post-plea motions.

¶ 25 We also reject Johnson's suggestion that his case is similar to *People v. Lloyd,* 338 Ill. App. 3d 379 (2003), in which this court found that the trial court's failure to substantially admonish the defendant pursuant to Rule 605(c) excused lack of compliance with Rule 604(d).  Significantly, in *Lloyd*, the trial court's oral admonitions made absolutely no mention of the defendant's right to counsel in conjunction with his appellate rights. *Id*. at 381-82. That omission clearly distinguishes *Lloyd* from the instant case, where the court told Johnson that "if you cannot afford an attorney, an attorney will be appointed to assist you." Moreover, *Lloyd* predated our supreme court's decisions in *J.T.* and *Dominguez*, which, as discussed, demonstrate that substantial compliance with Rule 605(c) does not require a specific admonition that appointed counsel may assist in drafting post-plea motions.

¶ 26                                                CONCLUSION

¶ 27 For the foregoing reasons, we reject Johnson's argument that the trial court's admonitions did not substantially comply with Rule 605(c). Therefore, the admonition exception does not apply to excuse Johnson's failure to file a timely post-plea motion pursuant to Rule 604(d). Accordingly, we must dismiss the appeal.

¶ 28 Appeal dismissed.