FOURTH DIVISION
December 21, 2006

No. 1-05-1683


THE PEOPLE OF THE STATE OF ILLINOIS,    )    Appeal from the
                                        )    Circuit Court of
        Plaintiff-Appellee,             )    Cook County.
                                        )
v.                                      )
                                        )
CHRISTOPHER CLAUDIN,                    )    The Honorable
                                        )    David P. Sterba,
        Defendant-Appellant.            )    Judge Presiding.


        PRESIDING JUSTICE QUINN, delivered the opinion of the court:

        Defendant, Christopher Claudin, entered a negotiated plea of

guilty to a charge of aggravated criminal sexual abuse and was

sentenced to three years' imprisonment.  On appeal, defendant

contends that the trial court failed to properly admonish him

pursuant to Supreme Court Rule 605(c) (Official Reports Advance

Sheet No. 21 (October 17, 2001), R. 605(c), eff. October 1, 2001)

and that his cause must be remanded for admonishments in

accordance with that rule.

        Defendant was originally charged in a 13-count indictment

with aggravated sexual assault, criminal sexual assault,

aggravated criminal sexual abuse, criminal sexual abuse, and

unlawful restraint of his girlfriend.  On January 14, 2005,

defendant entered a negotiated plea of guilty to one count of

aggravated criminal sexual abuse and was sentenced to three

years' imprisonment pursuant to the agreement.  The trial court

then admonished defendant as follows:

> "All right.  You have a right to appeal.  In order to do so you must first file a motion to withdraw your plea of guilty, modify or reconsider the sentence.  That motion must be in writing and filed with the clerk of the circuit court within 30 days of today's date.
>
> Therein you must set forth all of your grounds or reasons therefore.  Anything not so stated will be deemed waived or given up.
>
> You also have a right to a copy of the transcript of these proceedings and an attorney to assist you in the preparation and presentation of that motion.
>
> If you can't afford either, each will be provided to you free of charge.
>
> Do you understand that?"

Defendant responded that he understood, but he did not file a postplea motion.  Rather, on February 8, 2005, defendant filed a notice of appeal.  In this court, defendant challenges the sufficiency of the trial courts admonitions.

Supreme Court Rule 604(d) (Official Reports Advance Sheet No. 4 (February 16, 2005), R. 604(d), eff. February 1, 2005) requires a defendant who wishes to appeal from a judgment entered on a negotiated guilty plea to first file a written motion with the trial court to withdraw the guilty plea and vacate the judgment (People v. Dunn, 342 Ill. App. 3d 872, 876 (2003)). Compliance with Rule 604(d) is a condition precedent to an appeal, and if defendant fails to meet this requirement, the

appellate court must dismiss the appeal.  People v. Flowers, 208 Ill. 2d 291, 301 (2003).  However, under the admonishment exception to this rule, if the trial court fails to give the admonishments set forth in Rule 605 and defendant subsequently attempts to appeal without first filing the requisite Rule 604(d) motion, the appeal is not dismissed but, rather, the cause is remanded to the trial court for strict compliance with Rule 604(d).  Flowers, 208 Ill. 2d at 301; People v. Jamison, 181 Ill. 2d 24, 30 (1998).

Here, defendant failed to file a Rule 604(d) motion to withdraw his guilty plea and instead filed his notice of appeal. This omission may result in the waiver of his right to a direct appeal, unless the trial court failed to admonish defendant in accordance with Rule 605(c).  The trial court is held to strict compliance with the admonition requirements of Rule 605(c); however, the court is not required to use the exact language of the rule and the admonitions will be deemed insufficient only where the court has omitted the substance of the rule.  Dunn, 342 Ill. App. 3d at 881.  We review the trial court's compliance with supreme court rules *de novo*.  People v. Lloyd, 338 Ill. App. 3d 379, 384 (2003).

The record in this case shows that the trial court informed defendant of his right to appeal, and the need to <u>first</u> file a written motion to withdraw his guilty plea, "modify or reconsider the sentence," within 30 days of that court date.  The court also admonished defendant that any issues not raised in such a motion would be waived, that he had a right to a free copy of the

transcript and that counsel would be appointed to assist him in the presentation and preparation of his motion free of charge. These admonitions clearly show substantial compliance with subsections (1), (2), (5) and (6) of Rule 605(c). Official Reports Advance Sheet No. 21 (October 17, 2001), R5. 605(c)(1), (c)(2),(c)(5),(c)(6) eff. October 1, 2001.

Defendant, nevertheless, contends that the admonishments were insufficient because the trial court failed to inform him that if his motion was allowed, the plea, the sentence, and the judgment would be vacated and a trial date would be set on the charges to which the plea was made (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(c)(3), eff. October 1, 2001); and if the court granted his motion to withdraw, the State could reinstate the 12 charges it dropped as part of the plea deal (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(c)(4), eff. October 1, 2001).

This same argument was made and rejected in People v. Crump, 344 Ill. App. 3d 558, 563 (2003), where the court concluded that defendant was substantially admonished of his appeal rights following his guilty plea and was not prejudiced by the missing verbiage. We find no meaningful difference in this case and therefore find that defendant was substantially admonished pursuant to Rule 605(c), and that his failure to file a Rule 604(d) motion is not cured by the admonition exception.

Defendant further contends, however, that the trial court provided an incorrect and misleading admonishment by telling him that to appeal he could "file a motion to withdraw [his] plea of

guilty, modify or reconsider the sentence," when his only recourse was to file a motion to vacate his negotiated guilty plea.  Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(c)(2), eff. October 1, 2001; Dunn, 342 Ill. App. 3d at 881.

We agree with defendant that he could not preserve his appeal rights by only filing a motion to modify, or reconsider his sentence, and that the court's reference to such a motion in advising defendant that he must first file a motion to withdraw his plea of guilty was extraneous and incorrect.  However, when read in context, we find that it does not provide cause for reversal, where the trial court conveyed the substance of the rule and put defendant on notice of the necessity of first filing a postplea motion within 30 days, and defendant indicated his understanding of this requisite.  Nevertheless, defendant failed to file any type of postplea motion and instead filed a notice of appeal.  As in In re J.T., 221 Ill. 2d 338, 347-48 (2006), the admonitions did not strictly comply with Rule 605(c), but they were sufficient to put defendant on notice of the postplea action necessary to preserve his appeal, and he ignored it.

Under these circumstances, we find that defendant's failure to file a Rule 604(d) motion is not encompassed within the admonition exception and that he has waived his right to a direct appeal.  Crump, 344 Ill. App. 3d at 563.  Accordingly, we dismiss this appeal.

Appeal dismissed.

CAMPBELL and GREIMAN, JJ., concur.