**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210271-U

Order filed November 22, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0271 Circuit No. 18-CF-549 |
| WILLIE A. MOLINA JR., | ) ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justices Hauptman and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The court did not substantially comply with Rule 605(c).

¶ 2        Defendant, Willie A. Molina Jr., appeals following this court's summary remand for

counsel to file a certificate in compliance with Illinois Supreme Court Rule 604(d) (eff. July 1,

2017). Defendant argues that a second remand is required for new postplea proceedings because

the La Salle County circuit court failed to properly admonish him under Illinois Supreme Court

Rule 605(c) (eff. Oct. 1, 2001). Defendant also argues that counsel failed to comply with Rule 604(d). We reverse and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant entered a guilty plea to possession of a stolen vehicle (625 ILCS 5/4-103(a)(1) (West 2018)) and residential burglary (720 ILCS 5/19-3(a) (West 2018)). The plea included an agreed sentencing cap of 18 years' imprisonment and the State's dismissal of several other charges. The court provided the Illinois Supreme Court Rule 402(a) admonishments but did not inform defendant of his appeal rights. Following the entry of his plea, defendant filed a motion to vacate his guilty plea, alleging that at the time of his plea he was "under duress" and "did not understand clearly." The court continued the matter for a hearing on defendant's motion to vacate his guilty plea and sentencing.

¶ 5        Prior to sentencing, defendant withdrew the motion to vacate his guilty plea. The court sentenced defendant to 16 years' imprisonment. The court admonished defendant "your only option is to file that motion again to vacate your guilty plea 30 days from today's date, or you waive any further appeal rights."

¶ 6        Defendant filed, as a self-represented litigant, a "motion for reduction of sentence." The court appointed counsel to represent defendant. On a later date, counsel informed the court that defendant did not wish to proceed on a motion to vacate his guilty plea. The court inquired of defendant whether he wanted to vacate his guilty plea or proceed on a motion to reconsider his sentence to perfect his appeal. The court stated, "you have an absolute right to have this court hear the motion to reconsider sentence and your motion to vacate your guilty plea" and confirmed that defendant wanted to file a motion to reconsider his sentence. Counsel filed a motion to reconsider sentence and a Rule 604(d) certificate. Again, counsel informed the court that defendant did not

2

want to proceed with a motion to vacate his guilty plea. The court denied defendant's motion to reconsider sentence.

¶ 7 On appeal, we granted defendant's unopposed motion to remand the cause to the circuit court for compliance with Rule 604(d). *People v. Molina*, No. 3-20-0527 (2021) (unpublished minute order).

¶ 8 On remand, counsel filed a new Rule 604(d) certificate and motion to reconsider sentence. The court denied the motion, stating "[a]nd now that you have perfected that in this court, you have a right to appeal to the Third District Appellate Court your sentence." Defendant appealed.

¶ 9                                    II. ANALYSIS

¶ 10 Defendant argues that the cause should be remanded for a second time for new postplea proceedings where the circuit court failed to provide a substantially compliant Rule 605(c) admonishment. Defendant also argues that counsel failed to comply with Rule 604(d).

¶ 11 Following the entry of a negotiated guilty plea, Rule 605(c) requires the court to admonish defendant of the Rule 604(d) requirements that must be satisfied to preserve defendant's right to appeal. *People v. Jamison*, 181 Ill. 2d 24, 27 (1998); Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Rule 605(c) states the court shall advise defendant

> "(1) that the defendant has a right to appeal;
>
> (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 12 Rule 605(c) is a necessary companion to Rule 604(d) where strict compliance with Rule 604(d) is a prerequisite for an appeal. *People v. Little*, 318 Ill. App. 3d 75, 79 (2001). Thus, fundamental fairness requires that "[w]hen the trial court fails to properly admonish a defendant how to perfect an appeal from a negotiated guilty plea, and defendant fails to follow Rule 604(d), it is appropriate to remand the cause to the trial court for proceedings consistent with Rule 605(c)." *People v. Pressey*, 357 Ill. App. 3d 887, 890 (2005); see also *Little*, 318 Ill. App. 3d at 79.

¶ 13 A court may substantially comply with Rule 605(c) so long as the court's admonishment imparts "to a defendant largely that which is specified in the rule, or the rule's 'essence' as opposed to 'wholly' what is specified in the rule." *People v. Dominguez*, 2012 IL 111336, ¶ 19. An improper

admonishment alone will not automatically require a remand. *People v. Williams*, 344 Ill. App. 3d 334, 338 (2003). Instead, remand or reversal is dependent upon " 'whether *real justice* has been denied or whether [the] defendant has been *prejudiced* by the inadequate admonishment.' " (Emphases in original.) *Id.* (quoting *People v. Davis*, 145 Ill. 2d 240, 250 (1991)). We review a court's compliance with supreme court rules *de novo*. *People v. Dismuke*, 355 Ill. App. 3d 606, 608 (2005).

¶ 14    In the present case, the court admonished defendant that to appeal his sentence defendant's "only option" would be to file a motion to vacate within 30 days or risk waiving his appeal rights. However, Rule 605(c) required the court to also impart that defendant (1) had the right to appeal, (2) that prior to appealing his sentence he must file a written motion and set forth grounds in a motion to vacate the judgment and withdraw his guilty plea, (3) that if the court grants that motion, his judgment and sentence would be vacated and a trial date would be set on the charges that he pled to and the charges that the State dismissed pursuant to that plea, and (4) that if defendant is indigent, a copy of the transcript of the proceedings would be provided and counsel would be appointed to assist the defendant with the preparation of the motions. See Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). The court's omission of a majority of the Rule 605(c) admonishment did not impart "largely that which is specified in the rule." *Cf. Dominguez*, 2012 IL 111336, ¶ 19. Further, the court's initial admonishments were undermined by it later informing defendant that he could also file a motion to reconsider his sentence to perfect his appeal and that his motion to reconsider sentence did perfect his appeal. *Supra* ¶¶ 5, 6, 8. The procedure advised by the court deprived defendant of his right to appeal his conviction as it did not comply with the requirements under Rule 604(d) and, thus, does not substantially comply with Rule 605(c). Accordingly, fundamental fairness requires that we reverse the ruling on defendant's motion to reconsider sentence and

5

remand the cause for compliance with Rule 605(c). On remand, we direct the court to admonish defendant in accordance with Rule 605(c) before defendant proceeds on any new postplea motions. As our ruling on the first issues requires reversal of defendant's postplea motion and *de novo* proceedings, his second issue is rendered moot and we need not address it.

¶ 15                                    III. CONCLUSION

¶ 16        The judgment of the circuit court of La Salle County is reversed and remanded with directions.

¶ 17        Reversed and remanded with directions.