**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220343-U

Order filed September 27, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Tenth Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal Nos. 3-22-0343, 3-22-0344, 3-22-0345 cons. |
| ISAIHA M. HERRING, | ) ) ) | Circuit Nos. 19-CF-665, 21-CF-383, 21-CF-384 |
| Defendant-Appellant. | ) ) ) ) | Honorable Kevin W. Lyons, Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justice Peterson concurred in the judgment.
Presiding Justice Holdridge concurred in part and dissented in part.

_____

**ORDER**

¶ 1    *Held*:    The trial court's postplea admonishments did not substantially comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). Reversed and remanded with directions.

¶ 2    In the three underlying cases, defendant, Isaiha M. Herring, pled guilty but mentally ill to two counts of aggravated criminal sexual assault and one count of criminal sexual assault and

received an aggregate sentence of two consecutive 30-year terms of imprisonment and a concurrent 15-year term of imprisonment, respectively. The trial court denied defendant's motion to reconsider sentence.

¶ 3        Defendant filed three separate notices of appeal (and amended notices of appeal), arguing that a remand is required for new postplea proceedings because the trial court failed to properly admonish him in accordance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), or alternatively, because trial counsel failed to file a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We granted the parties' agreed motion to consolidate the appeals for oral argument and, on our own motion, now also consolidate the appeals for decision. For the reasons set forth below, we reverse the ruling on defendant's motion to reconsider sentence and remand for compliance with Rule 605(c).

¶ 4                                    I. BACKGROUND

¶ 5        In 2019, defendant was charged, in case No. 19-CF-665, with two counts of aggravated criminal sexual assault, two counts of home invasion, and one count of residential burglary for conduct occurring on October 24, 2019. Defendant was 16 years old at the time of the offenses but was charged pursuant to statute as an adult. Subsequently, in 2021, defendant was charged in two additional cases. In case No. 21-CF-383, defendant was charged with two counts of aggravated criminal sexual assault, two counts of home invasion, and one count of residential burglary for conduct occurring on September 18, 2019. In case No. 21-CF-384, defendant was charged with one count of home invasion and one count of criminal sexual assault for conduct occurring on October 13, 2019. Defendant was 15 and 16 years old, respectively, at the time of the offenses charged in these two cases and was initially charged as a juvenile. However, the juvenile court later transferred the cases to criminal court pursuant to statute.

2

¶ 6    On July 29, 2021, defendant pled guilty but mentally ill to (1) one count of aggravated criminal sexual assault (a Class X felony) in case No. 19-CF-665, (2) one count of aggravated criminal sexual assault (a Class X felony) in case No. 21-CF-383, and (3) one count of criminal sexual assault (a Class 1 felony) in case No. 21-CF-384. At the plea hearing, the prosecutor recounted the terms of the plea agreement, stating that, in addition to an agreement to dismiss the remaining charges, "[t]he parties have reached an agreement that the defendant would be eligible up to and including 60 years in the Illinois Department of Corrections." The prosecutor explained that "[i]t would be a combination sentence to be fashioned by the Court of all three cases to no more than 60 years ***."

¶ 7    The prosecutor further explained that the two aggravated criminal sexual assault Class X felonies are "mandatory consecutive to each other," and the third case—the criminal sexual assault—"would be discretionary consecutive if the Court determined that an appropriate disposition." The prosecutor added: "Based upon the fact that the maximum sentence that he could receive in the two most serious offenses is 60 years, that would be the maximum allowed by the Court in any event had these matters gone to trial."

¶ 8    The trial court admonished defendant as to his trial rights and the terms of the plea agreement. With respect to the terms of the plea, the trial court advised that the sentencing range for each Class X felony was 6 to 30 years' imprisonment, served at 85%, with a mandatory supervised release period of 3 years to natural life. The trial court added that defendant was eligible for parole after 20 years because he was under the age of 18 at the time of the offenses. The trial court also advised that the sentencing range for the Class 1 felony was 4 to 15 years' imprisonment, served at 85%, with a mandatory supervised release period of 3 years to natural life. However, the trial court advised that "you and the State have agreed that the sentence that

3

you will receive in totality when we have the sentencing hearing in September will not exceed 60 years in the Illinois Department of Corrections, followed by a one-time parole of three years to natural life." Defendant stated that he understood the admonishments and had spoken with his attorney about the plea agreement. Following the State's presentation of the factual basis for the plea, the trial court accepted the plea.

¶ 9    At the outset of the September 8, 2021, sentencing hearing, the trial court noted that the plea agreement was that defendant would receive "no more than a cap of 60 years in the Illinois Department of Corrections." In agreeing and then reviewing the terms of the plea agreement, the prosecutor stated that consecutive sentences were mandatory as to all three counts to which defendant pled guilty (contrary to the prosecutor's representation at the plea hearing that the criminal sexual assault count was "discretionary consecutive."). The prosecutor elaborated that "[t]here is no aggregate limit to the aggregate term of sentencing since these offenses were not within the same course of conduct. They were all separate offenses. So that would place—but for the cap, that would have placed the maximum sentence at 75 years, but we all, of course, the maxim[um] in here is 60 years."

¶ 10    At the conclusion of the sentencing hearing, the State argued that defendant should be sentenced to 60 years' imprisonment, noting defendant's extended history of delinquency and violent behavior in and out of custody. Defense counsel sought a 20-year sentence, arguing, *inter alia*, that defendant's young age at the time of the offenses should be considered. Defendant also made a statement in allocution.

¶ 11    The trial court sentenced defendant to consecutive 30-year prison terms for the aggravated criminal sexual assault counts and a concurrent 15-year prison term for criminal sexual assault. The trial court stated that the sentence for criminal sexual assault "will be served

4

concurrent and will be consumed into the sentences of the other two to make the totality of the sentence from the Court today 60 years in the Illinois Department of Corrections ***." The trial court noted that it had considered the presentence investigation report and its supplement, the evidence and arguments of counsel, defendant's statement in allocution, the applicable aggravating and mitigating factors, the history and character of defendant, and the circumstances and nature of the offenses.

¶ 12    In addition, the trial court noted that, because defendant was under the age of 18 when he committed the offenses, "I want a reviewing court to know that I've gone to great pains, and I think the parties have as well, to consider and utilize those things that the law requires us to statutorily and by case law." Specifically, pursuant to section 5-4.5-105 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-105 (West 2018)), "I want a reviewing court to know that I've considered the factors in mitigation before sentencing the defendant." The trial court enumerated the statutory factors and its consideration of those factors.

¶ 13    After imposing sentence, the trial court admonished defendant as follows:

> "Even though you pleaded guilty, you have the right to an appeal, but prior to doing that you would have to file in the trial court, that's this one, within 30 days a written motion asking to set aside what we've done, to vacate the judgment and withdraw the plea. You would have to put in the motion all the reasons why you think it should prevail.
>
> If you needed a lawyer or a transcript, you could have it at no cost if you qualified for it. But any issue or claim of error not raised in the motion would be deemed waived."

¶ 14    The trial court subsequently thanked defense counsel for his participation and stated, "[a]nd if you—if there's a motion to be filed for reconsideration, you can do that whenever you

5

like." Defense counsel responded, "I'll do that right now, Judge," and filed a handwritten motion to reconsider the defendant's sentence, arguing that "the sentence of a collective 60 years was excessive."

¶ 15    The following day, September 9, 2021, defense counsel filed a typewritten motion to reconsider the sentence, repeating that "the sentence of a collective 60 years was excessive." A hearing on the reconsideration motion proceeded that day. Defense counsel argued that the sentence was excessive and that an aggregate sentence of 20 years' imprisonment for all three charges would be more appropriate. The State argued that the motion should be denied given the trial court's proper consideration of all statutory factors. Following argument, the trial court denied the motion.[1]

¶ 16    Defendant timely appealed.

¶ 17                              II. ANALYSIS

¶ 18    On appeal, defendant argues that the case should be remanded for new postplea proceedings because the trial court failed to provide substantially compliant Rule 605(c) admonishments or, alternatively, because trial counsel failed to file a Rule 604(d) certificate. For the reasons set forth below, we agree that remand is required for compliance with Rule 605(c) and therefore need not address defendant's alternative argument.

---

[1] We note that both the handwritten and typewritten motions to reconsider sentence are captioned only with case No. 21-CF-383 and appear in the record on appeal for just that case. The trial court's September 9, 2021, written order denying reconsideration of the sentence is captioned with all three trial court case numbers but appears only in the record on appeal for case No. 19-CF-665. We also note that, on September 24, 2021, the trial court entered a corrected written sentencing order in case No. 19-CF-665 to reflect a conviction for aggravated criminal sexual assault, not aggravated criminal sexual abuse (as had been reflected in the original September 8, 2021, sentencing order).

¶ 19    Initially, we note that, while consecutive sentences were mandatory here, the trial court fashioned the aggregate sentence to be within the negotiated sentencing cap of 60 years by ordering the 15-year prison term for the criminal sexual assault count to be concurrent to the two consecutive 30-year prison terms for the aggravated criminal sexual assault counts. However, neither party addresses this on appeal.

¶ 20    Rather, the dispositive issue raised is whether a remand is required for new postplea proceedings due to a lack of substantially compliant Rule 605(c) admonishments. In this regard, both parties maintain that the plea agreement was negotiated, with the intent that the aggregate sentence be capped at 60 years' imprisonment. We agree that this was a negotiated plea. The record reflects that the clear intent of the plea agreement was to impose an aggregate sentencing cap of 60 years' imprisonment, notwithstanding the maximum sentencing range of 75 years' imprisonment for all three offenses. See Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001) ("For the purposes of this rule, a negotiated plea is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending.").

¶ 21    To appeal from a judgment entered on a negotiated guilty plea, a defendant must first file a written motion with the trial court to withdraw the guilty plea and vacate the judgment. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) ("No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment."). Compliance with Rule 604(d) is a condition precedent to an appeal of a guilty plea, and dismissal is proper when this condition is not met. *People v. Wilk*, 124 Ill. 2d 93, 107 (1988).

7

¶ 22     However, under the admonishment exception to this rule, the cause is remanded rather than dismissed "[i]f the trial court fails to give the admonishments set forth in Rule 605 and the defendant subsequently attempts to appeal without first filing the motions required by Rule 604(d)." *People v. Flowers*, 208 Ill. 2d 291, 301 (2003). Rule 605(c) provides as follows:

"In all cases in which judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

8

¶ 23    While it is mandatory that trial courts admonish defendants pursuant to Rule 605(c), a verbatim reading of the rule is not required. *People v. Dominguez*, 2012 IL 111336, ¶¶ 17-19. Rather, a court may substantially comply with Rule 605(c) so long as the court's admonishment "impart[s] to a defendant largely that which is specified in the rule, or the rule's 'essence' as opposed to 'wholly' what is specified in the rule." *Id.* ¶ 19. A trial court's admonitions substantially comply with the rule when "the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Id.* ¶ 22. We review *de novo* whether the trial court substantially complied with the admonition requirement under Rule 605(c). *Id.* ¶ 13.

¶ 24    Here, after imposing defendant's sentence, the trial court initially admonished defendant in accordance with Rule 605(c)(1), (2), and (6) that he had the right to an appeal, but that prior to doing so, defendant would need to file in the trial court within 30 days a written motion to vacate the judgment and withdraw the plea, setting forth the grounds for the motion, and that any issue or claim of error not raised in the motion would be deemed waived. The trial court further advised defendant in accordance with Rule 605(c)(5) of the ability to obtain "a lawyer or a transcript" without cost if defendant qualified.

¶ 25    In these initial admonishments, the trial court did not admonish defendant in accordance with Rule 605(c)(3) and (4) that, if the motion were granted, the guilty plea, sentence, and judgment would be vacated and a trial date set on the charges to which defendant pled guilty, and that any charges dismissed as part of the plea agreement would be reinstated and also set for trial upon the State's request. Nonetheless, defendant acknowledges that the initial admonitions were "arguably substantially compliant."

9

¶ 26    However, defendant argues that the initial admonishments were undermined when, at the conclusion of the sentencing hearing, the trial court gave an entirely contradictory admonishment. Namely, the trial court stated in no uncertain terms that, "if there's a motion to be filed for reconsideration, you can do that whenever you like." This statement was incorrect. A trial court has no authority to reduce a sentence that was entered pursuant to a negotiated guilty plea without first granting a motion to withdraw the negotiated plea. *People v. McIntosh*, 2020 IL App (5th) 170068, ¶ 77 (citing, *inter alia*, *People v. Johnson*, 2019 IL 122956, ¶ 57).

¶ 27    Nonetheless, trial counsel accepted the trial court's invitation and immediately filed a motion to reconsider the sentence on the ground that the aggregate sentence was excessive. Rather than striking the motion, the trial court entertained the motion and, following a hearing, denied the motion. Compounding the error here was that the invitation to file a reconsideration motion came on the heels of the trial court's statements during the sentencing hearing that it "want[ed] a reviewing court to know" that it had considered the proper sentencing factors. The trial court's commentary incorrectly suggested that defendant could simply file a notice of appeal from the sentencing order and challenge the aggregate sentence on appeal.

¶ 28    Defendant argues that this case is analogous to this court's recent unpublished order in *People v. Molina*, 2022 IL App (3d) 210271-U, where we remanded for compliance with Rule 605(c) due to the trial court's contradictory admonishments. We agree. There, following sentencing pursuant to a negotiated plea, the trial court admonished the defendant that his " 'only option' " was to file a motion to vacate his guilty plea within 30 days " 'or you waive any further appeal rights.' " *Id.* ¶ 5. However, the defendant filed, as a self-represented litigant, a motion for reduction of sentence, and the trial court appointed counsel to represent the defendant. *Id.* ¶ 6.

10

¶ 29 Subsequently, appointed counsel informed the trial court that the defendant did not wish to proceed on a motion to vacate his guilty plea. *Id.* The trial court advised the defendant that " 'you have an absolute right to have this court hear the motion to reconsider sentence and your motion to vacate your guilty plea,' " and confirmed that the defendant wanted to file a motion to reconsider his sentence. *Id.* Counsel filed a motion to reconsider sentence and a Rule 604(d) certificate and again informed the trial court that the defendant did not want to proceed with a motion to vacate his guilty plea. *Id.* The trial court denied the defendant's motion to reconsider sentence. *Id.*

¶ 30 In an initial appeal, this court granted the defendant's unopposed motion to remand the cause to the trial court for compliance with Rule 604(d). *Id.* ¶ 7 (citing *People v. Molina*, No. 3-20-0527 (2021) (unpublished minute order)). On remand, counsel filed a new Rule 604(d) certificate and motion to reconsider sentence. *Id.* ¶ 8. The trial court denied the motion, stating " '[a]nd now that you have perfected that in this court, you have the right to appeal to the Third District Appellate Court your sentence.' " *Id.*

¶ 31 In reversing and remanding, this court directed the trial court to admonish the defendant in accordance with Rule 605(c) before the defendant proceeded on any new postplea motions. *Id.* ¶ 15. The initial admonishment—that defendant's only option was to file a motion to vacate his guilty plea within 30 days or risk waiving his appeal rights—was "undermined by it later informing defendant that he could also file a motion to reconsider his sentence to perfect his appeal and that his motion to reconsider sentence did perfect his appeal." *Id.* ¶ 14. Ultimately, "the procedure advised by the court deprived defendant of his right to appeal his conviction as it did not comply with the requirements under Rule 604(d) and, thus, does not substantially comply with Rule 605(c)." *Id.* Thus, "fundamental fairness requires that we reverse the ruling on

11

defendant's motion to reconsider sentence and remand the cause for compliance with Rule 605(c)." *Id.*

¶ 32    Likewise, here, the trial court undermined its initial admonishments by expressly inviting defendant to challenge his sentence by filing a motion to reconsider. The trial court's direction was inconsistent with the substance of Rule 605(c) and suggested that defendant could proceed with a challenge to his sentence by appealing from a denial of that motion. Accordingly, we cannot say that the trial court's admonishments imparted the essence of Rule 651(c). See *Dominguez*, 2012 IL 111336, ¶ 19.

¶ 33    The State, however, maintains that the admonishments were substantially compliant with Rule 605(c), likening this case to *People v. Claudin*, 369 Ill. App. 3d 532 (2006). There, the defendant entered a negotiated guilty plea and was sentenced pursuant to the agreement. *Id.* The trial court admonished the defendant that he had a right to appeal and that to do so, he "must first file a motion to withdraw your plea of guilty, *modify or reconsider the sentence*." (Emphasis added.) *Id.* at 533. The trial court further advised that the motion must be written, filed within 30 days, and set forth all grounds therefore and that any grounds not stated would be deemed waived. *Id.* Finally, the trial court advised the defendant that he had a right to a copy of the transcript of the proceedings and an attorney to assist in the preparation and presentation of the motion at no cost if he could not afford either. *Id.* The trial court asked the defendant whether he understood, and the defendant responded affirmatively. *Id.* The defendant filed a notice of appeal but not a postplea motion. *Id.*

¶ 34    The appellate court dismissed the appeal, holding that the defendant's failure to file a Rule 604(d) motion was not encompassed within the admonition exception. *Id.* at 535. Initially, the appellate court reasoned that the admonishments were substantially compliant with Rule

605(c) despite the failure to inform the defendant that if his motion were allowed, the plea, sentence, and judgment would be vacated and a trial date set on the charges to which the plea was made and that the State could reinstate the charges it dropped as part of the plea agreement. *Id.* at 534.

¶ 35         The appellate court acknowledged that the trial court incorrectly stated that the defendant could preserve his appeal rights by filing "a motion to withdraw your plea of guilty, modify or reconsider the sentence." *Id.* However, the "extraneous" reference to a motion to modify or reconsider the sentence, "read in context," did not provide a basis for reversal "where the trial court conveyed the substance of the rule and put defendant on notice of the necessity of first filing a postplea motion within 30 days"; the defendant indicated his understanding of this prerequisite; yet the defendant "failed to file any type of postplea motion and instead filed a notice of appeal." *Id.* (citing *In re J.T.*, 221 Ill. 2d 338, 347-48 (2006) (the admonitions to the respondent that he had 30 days to appeal and that, if he wished to appeal, he had to file a petition with the trial court " 'to take everything back' " were sufficient to put the respondent on notice of the postplea action necessary to preserve his appeal, yet the respondent "took no action whatsoever")).

¶ 36         *Claudin* is distinguishable in that, here, the trial court's express invitation to file a motion to reconsider the sentence was not merely an extraneous statement. Rather, following the Rule 605(c) admonishments, the trial court, in direct contradiction of its previous admonishment, affirmatively advised that "if there's a motion to be filed for reconsideration, you can do that whenever you like." Defense counsel immediately filed the motion, which the trial court proceeded to entertain. Moreover, unlike *Claudin* (and *J.T.*), where no postplea motion was filed despite the admonishment as to such a requirement, here, defendant in fact filed a motion to

13

reconsider his sentence after the trial court invited him to do so. The express invitation to file the motion to reconsider sentence undermined the Rule 605(c) admonishments previously given.

¶ 37    As a final matter, the State suggests that defendant was on notice of what he needed to do to challenge his guilty plea by virtue of the written admonishments in his plea agreement, which tracked the language of Rule 605(c). However, "the supreme court has made clear written admonishments, on their own, are not sufficient to comply with Rule 605(c)." *People v. Jones*, 2013 IL App (4th) 120300, ¶ 13 (citing *Dominguez*, 2012 IL 111336, ¶ 27).

¶ 38    In sum, the trial court failed to provide substantially compliant Rule 605(c) admonishments. We therefore reverse the ruling on defendant's motion to reconsider sentence and remand the cause for compliance with Rule 605(c). On remand, we direct the trial court to admonish defendant in accordance with Rule 605(c) before defendant proceeds on any postplea motions.

¶ 39                              III. CONCLUSION

¶ 40    For the reasons stated, we reverse the judgment of the circuit court of Peoria County and remand with directions.

¶ 41    Reversed and remanded with directions.

¶ 42    PRESIDING JUSTICE HOLDRIDGE, concurring in part and dissenting in part:

¶ 43    I concur in the disposition of each case but dissent from the majority in consolidating the cases for decision.