**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230384-U

Order filed June 12, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0384 Circuit No. 16-CF-1459 |
| | ) | |
| JEFFERY DAVIS, | ) ) | Honorable Vincent F. Cornelius, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Presiding Justice McDade and Justice Hettel concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The trial court did not substantially comply with Supreme Court Rule 605(c). Vacated and remanded.

¶ 2     After entering a negotiated plea agreement, defendant, Jeffrey Davis, moved to reconsider his sentence. The trial court denied defendant's motion. On appeal, defendant contends the trial court improperly admonished him under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). Altenratively, he argues his trial counsel failed to file a certificate pursuant to Illinois Supreme

Court Rule 604(d) (eff. July 1, 2017). We vacate the court's order denying defendant's motion to reconsider and remand the matter with directions.

¶ 3                                            I. BACKGROUND

¶ 4        On December 20, 2022, defendant pleaded guilty to two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)) in exchange for the dismissal of four other counts of predatory criminal sexual assault of a child and an agreed sentencing cap of 60 years' imprisonment. Following a sentencing hearing, the court sentenced defendant to a total of 40 years' imprisonment on the two counts. The court then admonished defendant:

"[Y]ou have a right to appeal. Prior to taking that appeal, you must file in the trial court within 30 days of this date a written motion asking to have the trial Court reconsider the sentence or to have the judgment vacated or for leave to withdraw your plea of guilty setting forth the grounds for your motion.

If the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges [to] which the pleas of guilty were made.

Upon the request of the State, any charges that may have been dismissed as a part of the plea agreement will be reinstated and will also be set for trial.

If the motion to reconsider sentence or vacate the judgment is denied and you still desire to appeal, you must file your Notice of Appeal within 30 days of the date that the motion was denied.

If you are an indigent person, a copy of the transcript of the proceedings at the time of the plea of guilty and sentence will be provided without cost to you and counsel will be appointed to assist you in the preparation of presentation of the motion.

If [*sic*] any appeal taken from the judgment on the plea of guilty *** or [*sic*] any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment to withdraw your plea of guilty, shall be deemed waived by the Appellate Court.

Any issue that you don't raise, complain, or mention in your motion, you waive the right to appeal."

¶ 5    After defendant was admonished, defense counsel requested to stay the mittimus for two days so he could file a motion to reconsider defendant's sentence. The court allowed the motion. Two days later, the court granted defendant leave to file a written motion to reconsider his sentence *instanter* and held a hearing on the motion. The court denied the motion and, at defendant's request, directed the clerk to file a notice of appeal. Defense counsel did not seek to withdraw defendant's guilty plea and did not file a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 6                                II. ANALYSIS

¶ 7    On appeal, defendant contends the trial court failed to substantially comply with Rule 605(c) when it informed defendant he could file a motion to reconsider his sentence or a motion to withdraw his plea and vacate the judgment. Defendant requests we remand the case for compliance with Rule 605(c). Alternatively, defendant contends remand is required because his trial counsel failed to comply with the Rule 604(d) requirement to file a certificate when filing a postplea motion.

¶ 8    Upon entry of a negotiated guilty plea, Rule 605(c) requires the court to

"advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

3

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

A negotiated plea is a plea wherein the State makes certain concessions, such as dismissing charges or recommending a specific sentence. Ill. S. Ct. R. 604(d) (eff. July 1, 2017); *People v. Johnson*, 2019 IL 122956, ¶ 26. An agreement by the State to cap its sentencing recommendation is a form of negotiated plea. *Johnson*, 2019 IL 122956, ¶ 28.

¶ 9        Rule 605(c) was intended to work in conjunction with Illinois Supreme Court Rule 604(d), ensuring defendants are informed of the requirements for filing an appeal. *People v. Dominguez*, 2012 IL 111336, ¶ 13. Rule 604(d) requires a defendant entering a negotiated plea to file a written motion seeking to withdraw that plea before taking an appeal. Ill. S. Ct. R. 604(d) (eff. July 1,

4

2017); *People v. Flowers*, 208 Ill. 2d 291, 300 (2003). Filing a motion to withdraw a guilty plea is a "condition precedent" to appealing a negotiated plea, and the failure to file it results in dismissal of the appeal. *Flowers*, 208 Ill. 2d at 300. However, if a defendant was not properly admonished under Rule 605(c), the failure to file the requisite motion may be excused, and we will remand the case for proper admonishment. *People v. Claudin*, 369 Ill. App. 3d 532, 533 (2006).

¶ 10 Although Rule 605(c) admonitions are mandatory, the rule does not require the court to use its precise language. *Claudin*, 369 Ill. App. 3d at 533. Instead, the court must convey the substance or "essence" of the rule. *Dominguez*, 2012 IL 111336, ¶ 19. We review the court's compliance with supreme court rules *de novo*. *Id.* ¶ 13.

¶ 11 Here, the court informed defendant that, before appealing, he was required to file *either* a motion to withdraw his guilty plea *or* a motion to reconsider the sentence. However, following a negotiated plea, like the one at issue, a motion to reconsider defendant's sentence is not a substitute for Rule 604(d)'s requirement that a defendant file a motion to withdraw his guilty plea. *People v. DeRosa*, 396 Ill. App. 3d 769, 779 (2009). In fact, the trial court may not reconsider a sentence that does not exceed the sentencing cap of a negotiated plea unless defendant first successfully withdraws his guilty plea. *People v. Richard*, 2012 IL App (5th) 100302, ¶ 25. Defendant relied on the trial court's invitation to file a motion to reconsider his sentence. Although such a motion is not legally cognizable (*id.*), the court held a hearing on the motion. To hold defendant's reliance on the court's express admonitions against him and dismiss the appeal would violate defendant's procedural due process rights. *People v. Jones*, 2013 IL App (4th) 120300, ¶ 18. We, therefore, vacate the order denying defendant's motion to reconsider sentence and remand this case for proper admonishment pursuant to Rule 605(c) and for further postplea proceedings in accordance with Rule 604(d). On remand, we urge counsel to comply with Rule 604(d).

5

¶ 12    In coming to this conclusion, we reject the State's reliance on *Claudin* for the proposition that the court substantially complied with Rule 605(c). *Claudin*, 369 Ill. App. 3d at 534. *Claudin* is distinguishable because no posttrial motions were filed (*id.* at 533), whereas defendant here filed one of the two motions the trial court informed him would preserve his right to appeal. See *People v. Herring*, 2023 IL App (3d) 220343-U, ¶ 36. Omitting or misstating portions of postplea admonitions does not require remand so long as the court "substantially admonished the defendant in accordance with the rule, and that any miss[ing] verbiage did not prejudice defendant in his pursuit of postsentencing relief." *People v. Crump*, 344 Ill. App. 3d 558, 563 (2003). However, when a defendant relies on a court's misstatement of the rule to his detriment, he can be said to have suffered prejudice or a "denial of real justice" as a result of the improper admonishment. *People v. Williams*, 344 Ill. App. 3d 334, 340 (2003) (observing strict compliance with Rule 604(d) is a condition precedent to a defendant's appeal, and remand is required when a defendant relies on inaccurate admonitions).

¶ 13                              III. CONCLUSION

¶ 14    For the foregoing reasons, we vacate the order of the circuit court of Will County denying defendant's motion to reconsider sentence and remand with directions.

¶ 15    Order vacated; remanded with directions.

6