**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230052-U

Order filed July 15, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0052 Circuit No. 18-CF-749 |
| | ) | |
| ELIJAH GEBRE, | ) ) | Honorable Kathy S. Bradshaw-Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justice Peterson concurred in the judgment.
Justice Holdridge dissented.

_____

**ORDER**

¶ 1     *Held*: The circuit court's postplea admonishments did not substantially comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). Reversed and remanded with directions.

¶ 2     Defendant, Elijah Gebre, pled guilty to predatory criminal sexual assault of a child and was sentenced to 14 years' imprisonment. The circuit court denied defendant's motion to reconsider sentence. Defendant appeals his conviction, arguing that a remand is required for new postplea proceedings because the circuit court failed to substantially comply with Illinois Supreme Court

Rule 605(c) (eff. Oct. 1, 2001), or alternatively, because his counsel failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). For the reasons set forth below, we reverse the ruling on defendant's motion to reconsider sentence and remand for compliance with Rule 605(c).

¶ 3                                I. BACKGROUND

¶ 4        Defendant was charged with predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)) and aggravated criminal sexual abuse (*id.* § 11-1.60(c)(1)(i)). On July 14, 2022, defendant pled guilty to predatory criminal sexual assault of a child in exchange for an agreed sentencing cap of 14 years' imprisonment and dismissal of the remaining count. On October 11, 2022, the circuit court sentenced defendant to 14 years' imprisonment. After imposing the sentence, the court admonished defendant as follows:

> "You have a right to appeal; that prior to taking that appeal, you must file in the trial court within 30 days of the date on which the sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw your plea of guilty setting forth the grounds for the motion; that if the motion is allowed, the plea of guilty, sentence, and judgment will be vacated, and a trial date will be set on the charges to which the plea of guilty was made; that upon the request of the State, any charges that may have been dismissed as part of the plea agreement will be reinstated and will also be set for trial; that if you are indigent, you will be given a free attorney and a free copy of the transcript to help you prepare the motion; that if the motion to vacate the judgment is denied, and you still desire to appeal, you must file your notice of appeal within 30 days of the date that the motion was denied; that in any appeal taken from the judgment on the plea of guilty, any issue

2

or claim of error not raised in the motion to vacate the judgment and to withdraw your plea of guilty shall be deemed waived."

¶ 5        Immediately thereafter, the following colloquy ensued:

"[DEFENSE COUNSEL]: Judge, I do want to preserve [defendant]'s appeal rights.

THE COURT: You may. You want to—I will have my clerk file the appeal and appoint the appellate defender.

[DEFENSE COUNSEL]: Well, no, no. I was going to ask, Judge, to—because, really, the only issue in this case I think would be sentencing, so I think I need to—

THE COURT: Okay.

[DEFENSE COUNSEL]: —We need to get a date for me to argue a motion to reconsider sentence.

THE COURT: Okay. So you don't want my clerk to file anything?

[DEFENSE COUNSEL]: No, not at this point, Judge.

THE COURT: Okay.

[DEFENSE COUNSEL]: I think we need to—I can file that within the next 30 days, Judge.

THE COURT: What are you going to file?

[DEFENSE COUNSEL]: Motion to reconsider sentence.

THE COURT: Okay. Yes.

[DEFENSE COUNSEL]: Because I have to do that.

THE COURT: Oh, absolutely.

So my question is: Do you want him stayed until it comes back to court?

I know they like to have them here.

When do you think you will have it on file?

[DEFENSE COUNSEL]: Pardon me?

THE COURT: When do you think you will have it on file?

[DEFENSE COUNSEL]: Well, I have to get it filed within 30 days, Judge, so I anticipate—

THE COURT: Right. But are you going out that far is what I'm asking.

[DEFENSE COUNSEL]: I plan to file it very soon, Judge."

¶ 6       At that point, defense counsel indicated his intention to file a motion to reconsider sentence within the next 10 days. The circuit court confirmed that the motion would be filed "within the 30 days," scheduled a hearing date on the motion, and noted defendant's election to waive his appearance at the hearing.

¶ 7       On November 9, 2022, defendant filed a written motion to reconsider his sentence on the basis that the sentence was excessive. Following argument, on January 20, 2023, the circuit court denied the motion. Defense counsel neither sought to withdraw defendant's guilty plea nor filed a certificate pursuant to Rule 604(d). See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) (requiring counsel to file "a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any

4

amendments to the motion necessary for adequate presentation of any defects in those proceedings."). Defendant appealed.

¶ 8                                                    II. ANALYSIS

¶ 9             On appeal, defendant argues that the case should be remanded for new postplea proceedings because the circuit court failed to substantially comply with Rule 605(c). Alternatively, defendant argues that remand is required because his counsel failed to file the requisite Rule 604(d) certificate. For the reasons set forth below, we agree that remand is required for compliance with Rule 605(c) and therefore do not address defendant's alternative argument.

¶ 10           The plea agreement in this case was negotiated—defendant pled guilty to predatory criminal sexual assault of a child in exchange for an agreed sentencing cap of 14 years' imprisonment and dismissal of the remaining count. See Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001) ("For the purposes of this rule, a negotiated plea is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending."). To appeal from a judgment entered on a negotiated guilty plea, a defendant must first file a written motion to withdraw the guilty plea within 30 days of the imposition of sentence. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) ("No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment."). Compliance with Rule 604(d) is a condition precedent to an appeal of a guilty plea, and dismissal is proper when this condition is not met. *People v. Wilk*, 124 Ill. 2d 93, 107 (1988).

¶ 11           However, under the admonishment exception to this rule, the cause is remanded rather than dismissed "[i]f the trial court fails to give the admonishments set forth in Rule 605 and the

defendant subsequently attempts to appeal without first filing the motions required by Rule 604(d)." *People v. Flowers*, 208 Ill. 2d 291, 301 (2003). Rule 605(c) states that, in all cases in which judgment is entered on a negotiated guilty plea, at the time of imposing sentence, the circuit court "shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

6

¶ 12    While it is mandatory that trial courts admonish defendants pursuant to Rule 605(c), a verbatim reading of the rule is not required. *People v. Dominguez*, 2012 IL 111336, ¶¶ 17-19. Rather, a court may substantially comply with Rule 605(c) so long as the court's admonishment "impart[s] to a defendant largely that which is specified in the rule, or the rule's 'essence' as opposed to 'wholly' what is specified in the rule." *Id.* ¶ 19. A trial court's admonitions substantially comply with the rule when "the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Id.* ¶ 22. We review *de novo* whether the trial court substantially complied with the admonition requirement under Rule 605(c). *Id.* ¶ 13.

¶ 13    Here, defendant argues that the circuit court undermined its initial Rule 605(c) admonishments with subsequent contradictory and misleading statements such that the admonishments did not substantially comply with Rule 605(c). We agree that the entirety of the record reflects lack of substantial compliance with the rule. Immediately after advising defendant in accordance with Rule 605(c), the circuit court responded to defense counsel's indication that he wanted to preserve defendant's appeal rights by stating it would "have my clerk file the appeal and appoint the appellate defender." However, this offer by the circuit court was inconsistent with what the court had correctly admonished just a moment before—that defendant was required to file a written motion to withdraw his guilty plea and vacate the judgment in order to appeal.

¶ 14    The inconsistency was compounded when the colloquy turned to the subject of an anticipated motion to reconsider sentence. Defense counsel stated that he did not want the clerk to file an appeal because "the only issue in this case I think would be sentencing" and that he intended to file a motion to reconsider sentence because "I have to do that." The circuit court responded, "Oh, absolutely." However, the court had no authority to reduce a sentence that was entered

7

pursuant to a negotiated guilty plea. *People v. McIntosh*, 2020 IL App (5th) 170068, ¶ 77 (citing, *inter alia*, *People v. Johnson*, 2019 IL 122956, ¶ 57). Nonetheless, the colloquy ensued with a discussion of the timing for filing and hearing a motion to reconsider the sentence. Defense counsel subsequently filed a motion to reconsider the sentence on the ground that it was excessive. The circuit court entertained the motion and, following argument, denied the motion, at which point defendant appealed.

¶ 15        Citing *People v. Claudin*, 369 Ill. App. 3d 532 (2006), the State contends that the circuit court's statements following the proper admonishments amounted to mere extraneous references and did not undermine the admonishments. In *Claudin*, the appellate court acknowledged that the circuit court incorrectly stated that the defendant could preserve his appeal rights by filing "a motion to withdraw your plea of guilty, modify or reconsider the sentence." *Id.* at 533-34. However, the "extraneous" reference to a motion to modify or reconsider the sentence, "read in context," did not provide a basis for reversal where the circuit court conveyed the substance of the rule and put the defendant on notice of the need to first file a postplea motion within 30 days, yet the defendant never filed any type of postplea motion and instead filed a notice of appeal. *Id.* at 534.

¶ 16        Unlike *Claudin*, the circuit court's statements here did not amount to mere extraneous references to the wrong avenue for preserving defendant's appeal rights. Rather, immediately following its initial admonishments, and in response to defense counsel's statement regarding preservation of defendant's appeal rights, the circuit court offered to have its clerk file a notice of appeal on defendant's behalf and appoint appellate counsel. This offer, however, was not only inconsistent with the Rule 605(c) admonishments just given, but, if followed, would actually have defeated appellate jurisdiction. The circuit court then categorically agreed with defense counsel's

8

statement of the need to file a motion to reconsider sentence, further contradicting the admonishments just given. As defendant argues, these circumstances are analogous to those in this court's recent unpublished orders in *People v. Herring*, 2023 IL App (3d) 220343-U, and *People v. Molina*, 2022 IL App (3d) 210271-U, where we remanded for compliance with Rule 605(c) due to the circuit court's contradictory admonishments.

¶ 17     In *Herring*, the circuit court undermined its admonishments by noting at the sentencing hearing that it "want[ed] a reviewing court to know" that it had considered the proper sentencing factors and by advising after the admonishments that, "if there's a motion to be filed for reconsideration, you can do that whenever you like." *Herring*, 2023 IL App (3d) 220343-U, ¶¶ 12, 14, 36. We reasoned that the circuit court's commentary incorrectly suggested that the defendant could simply file a notice of appeal from the sentencing order and challenge the sentence on appeal. *Id.* ¶ 27. Similarly, in *Molina*, the circuit court undermined its initial admonishment—that the defendant's only option was to file a motion to vacate his guilty plea within 30 days or risk waiving his appeal rights—by thereafter informing defendant that he could also file a motion to reconsider his sentence to perfect his appeal. *Molina*, 2022 IL App (3d) 210271-U, ¶ 14. We reasoned that fundamental fairness required that we reverse the denial of the defendant's motion to reconsider sentence and remand for compliance with Rule 605(c). *Id.*

¶ 18     Likewise, here, the circuit court's offer to have its clerk file a notice of appeal from judgment on the negotiated plea and the court's explicit agreement as to the propriety of filing a motion to reconsider sentence undermined its initially correct Rule 605(c) admonishments and suggested an inaccurate procedure for preserving defendant's appeal rights.

¶ 19     Accordingly, fundamental fairness requires that we reverse the circuit court's ruling on defendant's motion to reconsider his sentence and remand the cause for compliance with Rule

9

605(c). On remand, we direct the circuit court to admonish defendant in accordance with Rule 605(c) before defendant proceeds on any postplea motions.

¶ 20                                    III. CONCLUSION

¶ 21        For the foregoing reasons, we reverse the judgment of the circuit court of Kankakee County and remand with directions.

¶ 22        Reversed and remanded with directions.

¶ 23        JUSTICE HOLDRIDGE, dissenting:

¶ 24        I respectfully dissent from the majority's decision. Instead, I would find that the court substantially complied with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). I would, therefore, dismiss the appeal.

¶ 25        Here, the court read the entirety of the Rule 605(c) admonishments to the defendant. The defendant points to no caselaw finding a lack of substantial compliance where the admonishments were given in full. The court made no inaccurate statements regarding what the defendant should or should not do to perfect his appeal. Instead, after correctly admonishing the defendant under Rule 605(c), the court merely listened as defense counsel speculated about a potential posttrial motion, then, later, held a hearing on the motion. The court is not required to correct counsel and cannot act as an advocate for a defendant. Thus, I would find that the court complied with Rule 605(c).

¶ 26        Moreover, while the majority relies on *Herring*, 2023 IL App (3d) 220343-U, and *Molina*, 2022 IL App (3d) 210271-U, I find these cases are readily distinguishable from the instant case. In *Herring* the circuit court failed to substantially comply with Rule 605(c), as it omitted several portions of the required admonitions and told the defendant, " 'if there's a motion to be filed for reconsideration, you can do that whenever you like.' " *Herring*, 2023 IL App (3d) 220343-U, ¶

10

26. Similarly, in *Molina* the circuit court omitted "a majority of the Rule 605(c) admonishment," and invited the defendant to file a motion to reconsider his sentence to perfect his appeal. *Molina*, 2022 IL App (3d) 210271-U, ¶ 14. Here, the court did not omit any portion of Rule 605(c) and, rather than inviting the defendant to file any particular motion, the court held a hearing on the motion defense counsel chose to file.

¶ 27          Where a defendant has been sufficiently admonished under Rule 605(c), dismissal is appropriate, regardless of counsel's noncompliance with Rule 604(d). *People v. Flowers*, 208 Ill. 2d 291, 301 (2003). Therefore, I would dismiss the appeal.